UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 23-CV-24838-LENARD/ELFENBEIN

**RAMINDESIGN, LLC**,

    Plaintiff,

v.

**JACEK SKARZYNSKI**, *et al.*,

    Defendants.
_____/

## REPORT AND RECOMMENDATION

**THIS CAUSE** is before the Court following the Honorable Joan A. Lenard's referral of Plaintiff/Counterclaim Defendant Ramindesign, LLC's Motion to Dismiss Count II (Writ of Replevin) of Defendant Jacek Skarzynski's Counterclaim and Supporting Memorandum of Law (the "Motion"), ECF No. [59], to me for a report and recommendation. *See* ECF No. [60]. After Plaintiff/Counterclaim Defendant filed the Motion on May 10, 2024, *see* ECF No. [59], Defendant/Counter-Plaintiff Jacek Skarzynski filed an Amended Answer, Affirmative Defenses, and Amended Counterclaims in Response to the Amended Complaint (the "Amended Answer"), ECF No. [71], and a Response to Plaintiff/Counter-Defendant's Motion to Dismiss Count II (Writ of Replevin) (the "Response"), ECF No. [72].

"A party may amend its pleading once as a matter of course no later than . . . 21 days after service of a motion under [Federal Rule of Civil Procedure] 12(b)" if "the pleading is one to which a responsive pleading is required." Fed. R. Civ. P. 15(a)(1)(B). Though a counterclaim is not itself a pleading, *see, e.g.*, *Allapattah Servs., Inc. v. Exxon Corp.*, 333 F.3d 1248, 1259 n.14 (11th Cir. 2003) ("Ordinarily, a party must assert a counterclaim in its pleadings."); *New York Marine*

*& Gen. Ins. Co. v. Boss Interior Contractors, Inc.*, No. 20-CV-23777, 2021 WL 327421, at *1 (S.D. Fla. Feb. 1, 2021) ("[I]t is well-recognized in this Circuit that a counterclaim cannot be independently asserted, but rather must be raised within a [Federal Rule of Civil Procedure] 7(a) pleading."), a counterclaim does require an answer, *see, e.g.*, *Perez v. Wells Fargo N.A.*, 774 F.3d 1329, 1336 (11th Cir. 2014) (noting that Rule 7(a) lists "an answer to a counterclaim designated as a counterclaim" as a pleading and that Rule 7(a)'s "express provision for an answer to a counterclaim anticipates that the pleadings do not 'close' until an answer has been filed by the counter-defendant"). As a result, an answer containing a counterclaim, like the Amended Answer here, is a pleading "to which a responsive pleading is required." *See* Fed. R. Civ. P. 15(a)(1)(B); ECF No. [71]. And the Motion is "a motion under Rule 12(b)." *See* Fed. R. Civ. P. 15(a)(1)(B); Fed. R. Civ. P. 12(b)(6); ECF No. [59].

The Motion was filed on May 10, 2024. *See* ECF No. [59]. The Amended Answer was filed on May 31, 2024. *See* ECF No. [71]. Because May 31 is "no later than . . . 21 days after" May 10, the Amended Answer was timely. *See* Fed. R. Civ. P. 15(a)(1)(B). And as Defendant/Counter-Plaintiff notes in the Response, the counterclaims in the timely filed Amended Answer "no longer contain a [r]eplevin cause of action against" Plaintiff/Counterclaim Defendant, "which was the sole subject of" the Motion. ECF No. [72] at 2. Because the Amended Answer omits the replevin claim, the Motion is now moot. *See* ECF No. [72] at 2; *see generally* ECF No. [59]; ECF No. [71].

Accordingly, I respectfully **RECOMMEND** that Plaintiff/Counterclaim Defendant Ramindesign, LLC's Motion to Dismiss Count II (Writ of Replevin) of Defendant Jacek Skarzynski's Counterclaim and Supporting Memorandum of Law, ECF No. [59], be **DENIED as MOOT**.

CASE NO. 23-CV-24838-LENARD/ELFENBEIN

The parties will have fourteen (14) days from the date of being served with a copy of this Report and Recommendation within which to file written objections, if any, with the Honorable Joan A. Lenard, United States District Judge. Failure to timely file objections shall bar the parties from a *de novo* determination by the District Judge of an issue covered in the Report and shall bar the parties from attacking on appeal unobjected-to factual and legal conclusions contained in this Report except upon grounds of plain error if necessary in the interest of justice. *See* 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140, 149 (1985); *Henley v. Johnson*, 885 F.2d 790, 794 (11th Cir. 1989); 11th Cir. R. 3-1.

**RESPECTFULLY SUBMITTED** in Chambers in Miami, Florida on June 3, 2024.

_____
**MARTY FULGUEIRA ELFENBEIN**
**UNITED STATES MAGISTRATE JUDGE**

cc:  All Counsel of Record