## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF FLORIDA

CASE NO. 23-24838-CIV-LENARD/ELFENBEIN

**RAMINDESIGN, LLC,**

      Plaintiff,

v.

**JACEK SKARZYNSKI and,**
**OLGA SKARZYNSKI**

      Defendants.

_____/

**JACEK SKARZYNSKI**,
Counter-Plaintiff,

v.

**RAMINDESIGN, LLC**,
a Florida limited liability company,
**RAMINDESIGN + DEVELOPMENT, LLC**,
a Florida limited liability company,
**LHF CONSTRUCTION, INC**., a Florida corporation,
and **LARRY FEDER**, an individual,
Counter-Defendants.

_____/

## ORDER DENYING COUNTER-DEFENDANT'S MOTION TO DISMISS AMENDED COUNTERCLAIMS

     **THIS CAUSE** is before the Court on Counter-Defendant

Ramindesign+Development, LLC's ("RDD") Motion to Dismiss Counts VII (civil theft)

and VIII (conversion)[1] of Counter-Plaintiff Jacek Skarzynski's ("Mr. Skarzynski")

---

[1] Counts VII and VIII are the only claims Mr. Skarzynski has brought against RDD.

Amended Counterclaims ("Motion," D.E. 89) filed July 8, 2024.  Mr. Skarzynski filed a Response on August 2, 2024 ("Response," D.E. 99), to which RDD filed a Reply on August 26, 2024.  ("Reply," D.E. 109).  Upon review of the Motion, Response, Reply, and the record, the Court finds as follows.

## I.   Background[2]

This action arises from disputes surrounding the design and construction of a single-family residence.  Ramindesign is engaged in the development of luxury "spec" homes and has a track record of delivering quality high-end residences.  (Am. Compl. ¶ 7).  Mr. Skarzynski and his wife, Co-Defendant Olga Skarzynski ("Mrs. Skarzynski"), purchased real property at 1413 North Venetian Way, Miami, FL 33139 (the "Property") for $5,950,000 as an investment and hold title as tenants by the entirety.  (*Id.* ¶ 8.)  In late 2021, Mr. Skarzynski asked Ramindesign's principal, Ramin Aleyasin, to build him a home on the Property.  The Parties engaged in extensive negotiations, resulting in a written contract (the "Agreement," D.E. 5-1)[3] executed by Mr. Skarzynski and Ramindesign on January 27, 2022.  (Am. Compl. ¶ 10.)  The Agreement set the timeline, price, and payment method for the construction project.  (*Id.*  ¶¶ 11–15).

---

[2] The following facts are gleaned from Plaintiff Ramindesign, LLC's ("Ramindesign") Amended Complaint (D.E. 5) and Mr. Skarzynski's Amended Counterclaims (D.E. 71 at 16–47) and are deemed to be true for purposes of ruling on the Motion.

[3] The Agreement is attached to the Amended Complaint as Exhibit 1.

The project did not proceed according to plan, and disputes arose concerning the price and pace of the construction.  On January 5, 2024, Ramindesign filed the operative Amended Complaint asserting the following causes of action:

- <u>Count I</u>: Breach of Contract against Mr. Skarzynski, (*id.* ¶¶ 36–41);

- <u>Count II</u>: Equitable Fee Adjustment under Section 6.4 of the Agreement against Mr. Skarzynski, (*id.* ¶¶ 42–48);

- <u>Count III</u>: Unjust Enrichment against Mr. and Mrs. Skarzynski; (*id.* ¶¶ 49–56);

- <u>Count IV</u>: Quantum Meruit against Mr. and Mrs. Skarzynski, (*id.* ¶¶ 57–61);

- <u>Count V</u>: Equitable Lien against Mr. and Mrs. Skarzynski, (*id.* ¶¶ 62–74.)

On February 12, 2024, Mr. and Mrs. Skarzynski filed a Motion to Dismiss the Amended Complaint (D.E. 16), which was denied by the Court on May 20, 2024.  (D.E. 62).  Mr. and Mrs. Skarzynski thereafter filed their Amended Answer and Affirmative Defenses (D.E. 71 at 1–16).  Mr. Skarzynski further filed the following Amended Counterclaims ("Amended Counterclaims," D.E. 71 at 16–47):

- <u>Count I</u>: Breach of Contract against Ramindesign, (*id.* ¶¶ 49–72);

- <u>Count II</u>: Accounting against Ramindesign, (*id.* ¶¶ 73–78);

- <u>Count III</u>: Negligence against Ramindesign; (*id.* ¶¶ 79–87);

- <u>Count IV</u>: Violation of Florida Building Code against Ramindesign, (*id.* ¶¶ 88–98);

- <u>Count V</u>: Civil theft against Ramindesign, (*id.* ¶¶ 99–111);

- <u>Count VI</u>: Conversion against Ramindesign (*id.* ¶¶ 112–117);

- <u>Count VII</u>: Civil theft against Ramindesign+Development (*id.* ¶¶ 118–132);

- <u>Count VIII</u>: Conversion against Ramindesign+Development (*id.* ¶¶ 133–138);

- <u>Count IX</u>: Negligence against LHF Construction (*id.* ¶¶ 139–148);

- <u>Count X</u>: Violation of Florida Building Code against LHF Construction, (*id.* ¶¶ 149–156);

- <u>Count XI</u>: Negligence against Larry Feder, (*id.* ¶¶ 157–166).

The Counterclaims against RDD are premised on purchase orders that RDD and/or Ramindesign entered with Boffi Miami[4] on behalf of Mr. Skarzynski.  (*Id.* ¶ 34).  Mr. Skarzynski alleges that he paid for various items ("the Materials") in 13 purchase orders—including "custom-manufactured millwork, cabinets, and countertops and backsplashes, in addition to bathtubs, sinks, appliances, and lighting fixtures, to be delivered and installed by Boffi Miami as part of the construction on the project."  (*Id.* ¶ 34).  However, "[f]ollowing Ramindesign's termination from the project, upon information and belief, Ramindesign and/or Ramindesign+Development detained certain Boffi Miami materials that were paid for by Mr. Skarzynski[.]"  (*Id.* ¶ 35).[5]

RDD thereafter filed the instant Motion arguing that Counts VII and VIII should be dismissed with prejudice for failure to state a claim.  As grounds, RDD asserts that: 1.) Mr. Skarzynski fails to establish his ownership of the purported stolen Materials, 2.) the counts are barred by the independent tort doctrine, and 3.) the allegations fail to meet Rule 9(b)'s specificity requirements.  (Mot. at 9–18).  Alternatively, RDD claims the counts fail

---

[4] "Boffi is an Italian fabricator of fine cabinetry and millwork."  (*Id.* ¶ 32).

[5] The purchase orders for the detained Materials are attached to the Amended Counterclaims.

because criminal intent is not specifically alleged, statutory notice was not timely given, and there is no allegation that RDD refused Mr. Skarzynski's demand to return the Materials. (*Id.* at 18–20).  In his Response, Mr. Skarzynski asserts that ownership has been adequately alleged through his purchase of the Materials and RDD's independent tort doctrine defense fails because the parties were not in privity of contract.  (Resp. at 4–11). Mr. Skarzynski further claims that his allegations meet Rule 9(b)'s specificity requirements and adequately allege criminal intent.  (*Id.*).  Finally, he asserts that adequate notice was provided under Florida law, even if he did not wait the requisite 30 days before filing suit, and "RDD's claim that Mr. Skarzynski failed to allege demand and refusal is patently false." (Resp. at 15).

## II.    Legal Standards

Under Federal Rule of Civil Procedure 12(b)(6), a court may dismiss a claim for "failure to state a claim upon which relief can be granted[.]"  Fed. R. Civ. P. 12(b)(6).  "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). Conclusory statements, assertions or labels will not survive a 12(b)(6) motion to dismiss. *Id.*  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  *Id.*; *see also Edwards v. Prime, Inc.*, 602 F.3d 1276, 1291 (11th Cir. 2010) (setting forth the plausibility standard).  "Factual allegations must be enough to raise a right

5

to relief above the speculative level[.]" *Twombly*, 550 U.S. at 555 (citation omitted).

Additionally:

> Although it must accept well-pled facts as true, the court is not required to accept a plaintiff's legal conclusions. *Ashcroft v. Iqbal*, 556 U.S. 662, 129 S. Ct. 1937, 1949, 173 L. Ed. 2d 868 (2009) (noting "the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions"). In evaluating the sufficiency of a plaintiff's pleadings, we make reasonable inferences in Plaintiff's favor, "but we are not required to draw plaintiff's inference." *Aldana v. Del Monte Fresh Produce, N.A., Inc.*, 416 F.3d 1242, 1248 (11th Cir. 2005). Similarly, "unwarranted deductions of fact" in a complaint are not admitted as true for the purpose of testing the sufficiency of plaintiff's allegations. *Id.*; *see also Iqbal*, 129 S. Ct. at 1951 (stating conclusory allegations are "not entitled to be assumed true").

*Sinaltrainal v. Coca-Cola*, 578 F.3d 1252, 1260 (11th Cir. 2009), *abrogated on other grounds by Mohamad v. Palestinian Auth.*, 566 U.S. 449, 453 n.2 (2012). The Eleventh Circuit has endorsed "a 'two-pronged approach' in applying these principles: 1) eliminate any allegations in the complaint that are merely legal conclusions; and 2) where there are well-pleaded factual allegations, 'assume their veracity and then determine whether they plausibly give rise to an entitlement to relief.'" *Am. Dental Ass'n v. Cigna Corp.*, 605 F.3d 1283, 1290 (11th Cir. 2010) (quoting *Iqbal*, 556 U.S. at 679).

In addressing a Rule 12(b)(6) motion, the court considers the allegations of the complaint, exhibits attached or incorporated by reference, and exhibits attached to the motion to dismiss if they are central to the plaintiff's claim and are undisputed. *See Day v. Taylor*, 400 F.3d 1272, 1276 (11th Cir. 2005); *Space Coast Credit Union v. Merrill Lynch, Pierce, Fenner & Smith Inc.*, 295 F.R.D. 540, 546 n.4 (S.D. Fla. 2013).

### III.   Discussion

### a.   Ownership of the Materials

A plaintiff seeking damages for civil theft and/or conversion must establish that he or she has the right to possess the property. *Fogade v. ENB Revocable Tr.*, 263 F.3d 1274, 1291 (11th Cir. 2001) ("Under Florida law, a conversion is 'an unauthorized act which deprives another of his property permanently or for an indefinite time.'"); *Palmer v. Gotta Have it Golf Collectibles, Inc.*, 106 F. Supp. 2d 1289, 1303 (S.D. Fla. 2000) (To establish civil theft under Florida law, "it is necessary to show not only that defendant obtained or endeavored to obtain the plaintiff's property, but that he did so with felonious intent to commit theft."). This requires that the plaintiff "allege facts sufficient to show ownership of the subject property and facts that the other party wrongfully asserted dominion over that property." *BluestarExpo, Inc. v. Enis*, 568 F. Supp. 3d 1332, 1349 (S.D. Fla. 2021) (citations omitted).

RDD disputes Mr. Skarzynski's ownership arguing that he fails to allege that Ramindesign/RDD "ever gave him a written assignment of its rights under the Purchase Orders" as required in the Agreement. (Resp. at 11). The Court finds that RDD has convoluted and overcomplicated the issue. At this stage in the litigation, Mr. Skarzyski has sufficiently alleged he "is the owner of the Materials and was entitled to immediate possession" because he "paid Ramindesign in full for the Materials." (Am. Countercl. ¶ 37). Accepting Mr. Skarzynski's allegations as true and drawing all inferences in his favor, the Court finds that he has plausibly alleged ownership of the disputed Materials. *See Iqbal*, 556 U.S. at 679.

### b.    Independent Tort Doctrine

"Under Florida's independent tort doctrine, it is well settled that a plaintiff may not recast causes of action that are otherwise breach-of-contract claims as tort claims." *BluestarExpo, Inc.*, 568 F. Supp. 3d at 1353 (citation omitted).  "But the doctrine requires contractual privity between the parties." *Yuken Corp. v. Gedcore LLC*, No. 22-20661-CIV, 2022 WL 3701233, at *3 (S.D. Fla. June 21, 2022) (citations omitted).  "[P]rivity" derives from contract law and "describe[s] the relationship of persons who are parties to a contract." *Baskerville-Donovan Eng'rs, Inc. v. Pensacola Exec. House Condo. Ass'n, Inc.*, 581 So. 2d 1301, 1303 (Fla. 1991).  In the instant case, RDD is not a party to the Agreement.   As such, RDD and Mr. Skarzynski are not in contractual privity. Consequently, the independent tort doctrine does not bar claims against RDD.

### c.    Rule 9(b)

"In addition to the Rule 8(a)(2) requirements, Rule 9(b) requires that, for complaints alleging fraud or mistake, 'a party must state with particularity the circumstances constituting fraud or mistake,' although '[m]alice, intent, knowledge, and other conditions of a person's mind may be alleged generally.' " *In re Galectin Therapeutics, Inc. Secs. Litig.*, 843 F.3d 1257, 1269 (11th Cir. 2016) (quoting Fed. R. Civ. P. 9(b)).

RDD argues that Mr. Skarzynski "makes undifferentiated and clouded allegations on information and belief about the alleged actions of RDD and Ramindesign vis-à-vis the Materials[.]" (Resp. at 17).  Specifically, RDD claims that Mr. Skaryzynski's allegations made "***upon information and belief***" fail to meet Rule 9(b)'s heightened pleading standards.

8

"Rule 9(b)'s heightened pleading standard may be applied less stringently … when specific 'factual information [about the fraud] is peculiarly within the defendant's knowledge or control.'" *Continental Casualty Co. v. Hardin*, 2016 WL 11234458, at *6 (M.D. Fla. Dec. 5, 2016) (citations omitted). Here, the undisputed record reveals that Ramin Aleyasin is the manager of both Ramindesign and RDD. (D.E. 61-1 at 2).[6] Mr. Skarzynski asserts that Mr. Aleyasin should not be permitted to engage in a "shell game and hide the ball scheme" by claiming that the Materials "are in fact in possession of another Ramindesign entity." (Resp. at 12). The Court agrees. As stated, both Ramindesign and RDD are managed by Ramin Aleyasin. The Court thus finds that the specific factual information concerning Ramindesign and/or RDD's detention of the Boffi Materials is peculiarly within Mr. Aleyasin's knowledge or control. The Court further agrees with Mr. Skarzynski that this information should "quickly be determined through simple discovery."[7] (Resp. at 12). However, Mr. Skarzynski cannot be expected to possess information "peculiarly within the defendant's knowledge or control" at the pleadings stage. *Continental Casualty Co.*, 2016 WL 11234458, at *6. The Court thus finds that Mr.

---

[6] Mr. Skarzynski initially filed a Motion for Order to Show Cause Why a Writ of Replevin Should Not Be Issued Pursuant to Florida Statutes, § 78.065. (D.E. 57). With its Response, Ramindesign filed a Declaration of Ramin Aleyasin. (D.E. 61-1). Therein, Ramin Aleyasin confirms he is the manager of Ramindesign and RDD. (*Id.* at 2). He further confirms that RDD entered 13 purchase orders with Boffi Miami. (*Id.* at 8). Mr. Skarzynski thereafter withdrew his Motion for Order to Show Cause and filed the instant Amended Counterclaims against RDD.

[7] The Court additionally notes that both entities are represented by the same attorney.

Skarzynski's claims—made upon information and belief—meet Rule 9(b)'s heightened pleading standards.[8]

### d.   Notice under Florida law

Florida Statute § 772.11 provides that before an action for civil theft is filed the plaintiff must make written demand for payment upon the defendant and allow 30 days for payment.  Fla. Stat. § 772.11(1).  However, Florida courts have consistently held that failure to strictly comply with this pre-suit requirement does not subject a claim for civil theft to dismissal on those grounds alone.  *See Korman v. Igelsias*, 736 F. Supp. 261, 267 (S.D. Fla. May 10, 1990) (finding that failure to comply with § 772.11's notice requirement is excusable neglect and does not warrant dismissal); *see also Continental 332 Fund, LLC v. Albertelli*, 317 F. Supp. 3d 1124, 1146 (M.D. Fla. 2018) (finding that the demand requirement is "not substantive" but rather "exists to encourage negotiation and settlement prior to the commencement of litigation.  Perhaps recognizing this finding, courts within this circuit have enforced the demand requirement leniently and have declined to dismiss nonconforming claims.").

Mr. Skarzynski alleges that, through his attorney, he "demanded that Ramindesign deliver or release the Materials, but Ramindesign refused to do so."  (Am. Countercl. ¶ 39).

---

[8] RDD also asserts that Mr. Skarzynski fails to allege the criminal intent necessary for civil theft. (Mot. at 18 (citing *Gasparini v. Pordomingo*, 972 So. 2d 1053, 1056 (Fla. 3d DCA 2008) ("To establish a claim for civil theft, a party must prove that a conversion has taken place and that the accused party acted with criminal intent."))).  RDD argues that because Mr. Skarzynski did not own the Materials, he cannot allege the requisite criminal intent.  For the reasons explained in section (a), the Court rejects RDD's argument.  Moreover, the Court finds that Mr. Skarzynski has alleged the requisite criminal intent with sufficient specificity under Rule 9(b).  In short, he alleges ownership by way of payment and that RDD wrongfully detained the Boffi Materials.

He further alleges this demand was made after the Materials were released to Ramindesign in January 2024.  (*Id.* ¶ 38).  On this record, the Court finds that the policy interests of pre-suit negotiation have been met.  Simply put, Mr. Skarzynski made a demand, the demand was refused, and more than 30 days have now passed.  Consequently, dismissal is not warranted.

### e.      Notice on RDD

Finally, RDD argues that "Mr. Skarzynski fails to allege he demanded RDD return the Materials[.]"  (Mot. at 20).  RDD asserts "he demanded the items from Ramindesign, averring RDD is its affiliate[,]" and thus he "concedes he made no demand for the items upon RDD."  (*Id.*)  RDD is mistaken.  The Amended Counterclaims allege that "[o]n or about May 29, 2024, Mr. Skarzynski, through his attorney, sent a demand pursuant to Fla. Stat. § 772.11 to [RDD]" and that "[RDD] has failed and refused to deliver the Materials to Mr. Skarzynski despite the full payment therefor."  (Am. Countercl. ¶¶ 128–29).  The Court thus finds that Mr. Skarzynski has adequately pled demand and refusal as to RDD.

### IV.      Conclusion

Accordingly, it is **ORDERED AND ADJUDGED** that RDD's Motion to Dismiss Counts VII and VIII of Mr. Skarzynski's Amended Counterclaims (D.E. 89) is **DENIED**. RDD shall file an Answer within 14 days.

**DONE AND ORDERED** in Chambers at Miami, Florida this 27th day of September, 2024.

**JOAN A. LENARD**
**UNITED STATES DISTRICT JUDGE**