UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 23-24838-CIV-LENARD/ELFENBEIN

**RAMINDESIGN, LLC,**

    Plaintiff,

v.

**JACEK SKARZYNSKI and,
OLGA SKARZYNSKI**

    Defendants.
_____/

**JACEK SKARZYNSKI**,
Counter-Plaintiff,

v.

**RAMINDESIGN, LLC**,
a Florida limited liability company,
**RAMINDESIGN + DEVELOPMENT, LLC**,
a Florida limited liability company,
**LHF CONSTRUCTION, INC.**, a Florida corporation,
and **LARRY FEDER**, an individual,
Counter-Defendants.
_____/

## ORDER GRANTING IN PART AND DENYING IN PART COUNTER-DEFENDANT'S MOTION TO DISMISS COUNTS III, V, AND VI OF THE AMENDED COUNTERCLAIMS

**THIS CAUSE** is before the Court on Counter-Defendant Ramindesign LLC's ("Ramindesign") Motion to Dismiss Count III (negligence), Count V (civil theft), and Count VI (conversion) of Counter-Plaintiff Jacek Skarzynski's ("Mr. Skarzynski") Amended Counterclaims ("Motion," D.E. 90) filed July 8, 2024. Mr. Skarzynski filed a

Response on August 2, 2024 ("Response," D.E. 96), to which Ramindesign filed a Reply on August 26, 2024. ("Reply," D.E. 111). Upon review of the Motion, Response, Reply, and the record, the Court finds as follows.

I.   **Background**[1]

This action arises from disputes surrounding the design and construction of a single-family residence on Mr. Skarzynski's property in Miami-Dade County, Florida. (Am. Countercl. ¶ 10). Mr. Skarzynski is an owner of real property located at 1413 North Venetian Way, Miami, FL 33139. (*Id.* ¶ 11). In early 2021, Mr. Skarzynski was introduced to Ramin Aleyasin and his company Ramindesign. Following discussions, Mr. Skarzynski and Mr. Aleyasin agreed that Ramindesign would design and construct a single-family residence on Mr. Skarzynski's property (the "Home" or "Project"). (*Id.* ¶ 12). Mr. Skarzynski and Ramindesign entered into a written agreement dated January 27, 2022 (the "Agreement"), pursuant to which Ramindesign was to design and construct the Home. (*Id.* ¶ 13).[2] Disputes arose as the Project progressed, and on January 5, 2024, Ramindesign filed the operative Amended Complaint asserting the following causes of action:

- Count I: Breach of Contract against Mr. Skarzynski, (*id.* ¶¶ 36–41);

- Count II: Equitable Fee Adjustment under Section 6.4 of the Agreement against Mr. Skarzynski, (*id.* ¶¶ 42–48);

- Count III: Unjust Enrichment against Mr. and Mrs. Skarzynski; (*id.* ¶¶ 49–56);

---

[1] The following facts are gleaned from Mr. Skarzynski's Amended Counterclaims (D.E. 71 at 16–47) and are deemed to be true for purposes of ruling on the Motion.

[2] The Agreement is attached to the Amended Counterclaims as Exhibit A.

- Count IV: Quantum Meruit against Mr. and Mrs. Skarzynski, (*id.* ¶¶ 57–61);
- Count V: Equitable Lien against Mr. and Mrs. Skarzynski, (*id.* ¶¶ 62–74).

On February 12, 2024, Mr. and Mrs. Skarzynski filed a Motion to Dismiss the Amended Complaint (D.E. 16), which was denied by the Court on May 20, 2024. (D.E. 62). Mr. and Mrs. Skarzynski thereafter filed their Amended Answer and Affirmative Defenses (D.E. 71 at 1–16). Mr. Skarzynski further filed the following Amended Counterclaims ("Amended Counterclaims," D.E. 71 at 16–47):

- Count I: Breach of Contract against Ramindesign, (*id.* ¶¶ 49–72);
- Count II: Accounting against Ramindesign, (*id.* ¶¶ 73–78);
- Count III: Negligence against Ramindesign; (*id.* ¶¶ 79–87);[3]
- Count IV: Violation of Florida Building Code against Ramindesign, (*id.* ¶¶ 88–98);
- Count V: Civil theft against Ramindesign, (*id.* ¶¶ 99–111);[4]

---

[3] Ramindesign moves to dismiss Count III. In brief, Count III alleges that Ramindesign breached its duty to Mr. Skarzynski by failing to exercise reasonable care in the performance of work, and supervision of others performing work at the Project. (*See* Am. Countercl. ¶¶ 79–87). Mr. Skarzynski alleges this duty is "independent of any contractual obligations." (*Id.* ¶ 81).

[4] Ramindesign also moves to dismiss Count V. This Count is premised on purchase orders that Ramindesign and/or Ramindesign+Development ("RDD") entered with Boffi Miami, an Italian fabricator of fine cabinetry and millwork, on behalf of Mr. Skarzynski. (Am. Countercl. ¶ 34). Mr. Skarzynski alleges that he paid for various items ("the Materials") in 13 purchase orders— including "custom-manufactured millwork, cabinets, and countertops and backsplashes, in addition to bathtubs, sinks, appliances, and lighting fixtures, to be delivered and installed by Boffi Miami as part of the construction on the Project." (*Id.* ¶ 34). Mr. Skarzynski attached the 13 purchase orders to his Amended Counterclaims and alleges that "[f]ollowing Ramindesign's termination from the Project, upon information and belief, Ramindesign and/or [RDD] detained certain Boffi Miami materials that were paid for by Mr. Skarzynski[.]" (*Id.* ¶ 35). In Count V, Mr. Skarzynski alleges he is the owner of the Materials by way of his payment in full and that "Ramindesign has failed and refused to deliver the Materials to [him] despite the full payment therefor." (*Id.* ¶ 108).

3

- Count VI: Conversion against Ramindesign (*id.* ¶¶ 112–117);[5]

- Count VII: Civil theft against RDD (*id.* ¶¶ 118–132);

- Count VIII: Conversion against RDD (*id.* ¶¶ 133–138);

- Count IX: Negligence against LHF Construction (*id.* ¶¶ 139–148);

- Count X: Violation of Florida Building Code against LHF Construction, (*id.* ¶¶ 149–156);

- Count XI: Negligence against Larry Feder, (*id.* ¶¶ 157–166).

In the instant Motion, Ramindesign asserts that Counts III, V, and VI of the Amended Counterclaims fail to state a claim for relief and are barred by the independent tort doctrine. (Mot. at 8, 14). Ramindesign further asserts that Counts V and VI should be dismissed because the Amended Counterclaims do not establish Mr. Skarzyski's ownership over the disputed Materials. (*Id*. at 9). Alternatively, Ramindesign argues for dismissal of Counts V and VI asserting that statutory notice was not given, felonious intent was not alleged, and the Counts rely on speculative assertions that fail to distinguish the conduct of Ramindesign and RDD. (*Id*. at 16–19). In his Response, Mr. Skarzynski asserts that the counts meet the minimum pleading standards. He further claims that the independent tort doctrine is not implicated as Counts III, V, and VI require proof of facts distinct from those alleged in Count I (breach of contract). (Resp. at 5). Mr. Skarzynski

---

[5] Finally, Ramindesign moves to dismiss Count VI. This Count is also premised on the disputed Materials. Mr. Skarzynski alleges that despite his demand, "Ramindesign has refused to return the Materials[.]" (Am. Countercl. ¶ 115). He further alleges that "[b]ased on the admission of Ramindesign's own Manager, Ramindesign has converted for its own use the Materials that are the property of Mr. Skarzynski." (*Id.* ¶ 116).

4

further argues that ownership has been adequately alleged through his purchase of the disputed materials. (*Id*. at 11). Finally, he claims that sufficient notice was provided under Florida law and his allegations meet Rule 8(a) and 9(b)'s specificity requirements and adequately allege criminal intent. (*Id*. at 15–17).

## II. Legal Standards

Under Federal Rule of Civil Procedure 12(b)(6), a court may dismiss a claim for "failure to state a claim upon which relief can be granted[.]" Fed. R. Civ. P. 12(b)(6). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). Conclusory statements, assertions or labels will not survive a 12(b)(6) motion to dismiss. *Id.* "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.*; *see also Edwards v. Prime, Inc.*, 602 F.3d 1276, 1291 (11th Cir. 2010) (setting forth the plausibility standard). "Factual allegations must be enough to raise a right to relief above the speculative level[.]" *Twombly*, 550 U.S. at 555 (citation omitted). Additionally:

> Although it must accept well-pled facts as true, the court is not required to accept a plaintiff's legal conclusions. *Ashcroft v. Iqbal*, 556 U.S. 662, 129 S. Ct. 1937, 1949, 173 L. Ed. 2d 868 (2009) (noting "the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions"). In evaluating the sufficiency of a plaintiff's pleadings, we make reasonable inferences in Plaintiff's favor, "but we are not required to draw plaintiff's inference." *Aldana v. Del Monte Fresh Produce, N.A., Inc.*, 416 F.3d 1242, 1248 (11th Cir. 2005). Similarly, "unwarranted deductions of fact" in a complaint are not admitted as true for

>the purpose of testing the sufficiency of plaintiff's allegations. *Id.*; *see also Iqbal*, 129 S. Ct. at 1951 (stating conclusory allegations are "not entitled to be assumed true").

*Sinaltrainal v. Coca-Cola*, 578 F.3d 1252, 1260 (11th Cir. 2009), *abrogated on other grounds by Mohamad v. Palestinian Auth.*, 566 U.S. 449, 453 n.2 (2012).  The Eleventh Circuit has endorsed "a 'two-pronged approach' in applying these principles: 1) eliminate any allegations in the complaint that are merely legal conclusions; and 2) where there are well-pleaded factual allegations, 'assume their veracity and then determine whether they plausibly give rise to an entitlement to relief.'" *Am. Dental Ass'n v. Cigna Corp.*, 605 F.3d 1283, 1290 (11th Cir. 2010) (quoting *Iqbal*, 556 U.S. at 679).

In addressing a Rule 12(b)(6) motion, the court considers the allegations of the complaint, exhibits attached or incorporated by reference, and exhibits attached to the motion to dismiss if they are central to the plaintiff's claim and are undisputed.  *See Day v. Taylor*, 400 F.3d 1272, 1276 (11th Cir. 2005); *Space Coast Credit Union v. Merrill Lynch, Pierce, Fenner & Smith Inc.*, 295 F.R.D. 540, 546 n.4 (S.D. Fla. 2013).

**III.  Discussion**

    **a.  Failure to State a Claim (Count III)**

Count III references "deficiencies caused by faulty workmanship or defective work performed by Ramindesign or its subcontractors or suppliers that has caused damage to other property located at the Home." (Am. Countercl. ¶ 82).  The Court finds that Mr. Skarzynski's allegations fail to satisfy Rule 8(a)'s minimum pleading standards.  First, although the Court has read the allegation in context alongside the factual background section, nowhere in the pleading does Mr. Skarzynski identify the specific "deficiencies."

Second, Mr. Skarzynski fails to identify the "faulty workmanship or defective work" underlying these unknown "deficiencies." Third, he fails to specify whether Ramindesign, and/or its subcontractors or suppliers is responsible for the unknown "faulty workmanship or defective work" underlying these unknown "deficiencies." Finally, he fails to specify what "damage" was caused "to other property located at the Home." A complaint must contain "sufficient factual matter" and "conclusory statements" will not suffice. *Iqbal*, 556 U.S. at 678. Here, Mr. Skarzynski's threadbare allegations and conclusory statements fail to meet the minimum pleading standards.

"Complaints that violate either Rule 8(a)(2) or Rule 10(b), or both, are often disparagingly referred to as shotgun pleadings." *Weiland v. Palm Beach Cnty. Sheriff's Off.*, 792 F.3d 1313, 1320 (11th Cir. 2015). Shotgun pleadings "fail . . . to give the defendants adequate notice of the claims against them and the grounds upon which each claim rests." *Id.* at 1323. The allegations in Count III fail to put Ramindesign on notice of the specific basis for its alleged negligence. Therefore, Count III shall be dismissed without prejudice, and Mr. Skarzynski shall be granted fourteen days to amend his pleading. On replead, Mr. Skarzynski must provide "sufficient factual matter" to satisfy the Rule 8(a) minimum pleading standards.[6] *Iqbal*, 556 U.S. at 678. Mr. Skarzynski's

---

[6] On replead, Mr. Skarzynski must also comply with Rule 10(b):

> A party must state its claims or defenses in numbered paragraphs, each limited as far as practicable to a single set of circumstances. A later pleading may refer by number to a paragraph in an earlier pleading. If doing so would promote clarity, each claim founded on a separate transaction or occurrence--and each defense other than a denial--must be stated in a separate count or defense.

Fed. R. Civ. P. 10(b).

amended pleading must identify (1): the specific "deficiencies," (2): the "faulty workmanship or defective work" underlying each deficiency, (3): the responsible party or parties, and (4): the specific "damage" caused "to other property located at the Home." Additionally, the amended pleading must correct the other pleading deficiencies identified herein and provide "adequate notice of the claims … and the grounds upon which each claim rests." *Weiland*, 792 F.3d at 1323.

      **b.**    **Independent Tort Doctrine**

"Under Florida's independent tort doctrine, it is well settled that a plaintiff may not recast causes of action that are otherwise breach-of-contract claims as tort claims." *BluestarExpo, Inc. v. Enis*, 568 F. Supp. 3d 1332, 1353 (S.D. Fla. 2021) (citation omitted). Put differently, when "a contract has been breached, a tort action lies only for acts independent of those acts establishing the contract's breach." *Dorvil v. Nationstar Mortg. LLC*, No. 17-23193-CIV, 2019 WL 1992932, at *17 (S.D. Fla. Mar. 26, 2019) (quoting *Peebles v. Puig*, 223 So. 3d 1065, 1069 (Fla. 3d DCA 2017)). As the name suggests, the tort must be independent from the breach of contract and require "proof of facts separate and distinct from the breach of contract." *HTP, Ltd. v. Lineas Aereas Costarricenses, S.A.*, 685 So. 2d 1238, 1239 (Fla. 1996).

Here, Mr. Skarzynski alleges that "neither Mr. Aleyasin nor Ramindesign were or are licensed to perform general contracting services in the State of Florida." (Am. Countercl. ¶ 15). As discussed, Mr. Skarzynski previously moved to dismiss Ramindesign's Amended Complaint. (D.E. 16). Mr. Skarzynski argued that because Ramindesign is an unlicensed contractor under Florida law, the contract between the

Parties is unenforceable in law or in equity.  (*Id.* at 9 (citing Fla. Stat. § 489.532(1))).  In denying Mr. Skarzynski's Motion to Dismiss, this Court found it "improper to dismiss [Ramindesign's] breach of contract claim at this early stage in the litigation" as factual questions remained concerning Ramindesign's licensure.[7]  (D.E. 62 at 11).  Nevertheless, this Court agreed with Mr. Skarzynski that if Ramindesign "is ultimately found to be an unlicensed contractor, then the contract 'shall be unenforceable in law *or in equity* by the unlicensed contractor.'"  (*Id.* at 14 (citing Fla. Stat. § 489.128(1))).  Although lacking "a sufficient factual record upon which to make that finding[,]" this Court noted that the argument "may be properly raised at a later stage in this litigation, such as summary judgment."  (*Id.* at 14 n. 6).

When a court cannot yet determine whether a valid contract exists, it is likewise unable to ascertain whether claims are barred by the independent tort doctrine.  *See IPN, LLC v. Posabit, Inc.*, No. 22-81506-CV, 2023 WL 5228805, at *4 (S.D. Fla. July 6, 2023) ("I cannot determine at this time whether a valid contract exists between Plaintiff and Defendant.  Therefore I am likewise unable, at this juncture, to decide whether Florida's independent tort theory bars any of Defendant's Counterclaims.").  Furthermore, the Federal Rules of Civil Procedure permit alternative and/or inconsistent pleadings.  Fed. R.

---

[7] Specifically, this Court found that "[f]actual questions must be resolved as to whether [Ramindesign] had "a primary or secondary qualifying agent in accordance with [Chapter 489] concerning the scope of the work to be performed under the contract."  (D.E. 62 at 14 (citing Fla. Stat. § 489.128(1)(a))).

9

Civ. P. 8(d)(2) & (3).[8]  In sum, until the validity of the contract can be determined, the independent tort doctrine does not provide a basis for dismissal.  *See Floral Logistics of Miami, Inc. v. New York Garden Flower Wholesale, Inc.*, No. 23-20073-CIV, 2023 WL 4295320, at *5 (S.D. Fla. June 30, 2023) ("[W]here a party has pleaded a tort claim in the alternative to a breach-of-contract claim, the independent tort doctrine does not apply.").  Therefore, the Motion is denied as to Ramindesign's independent tort doctrine argument.

### c. Ownership of the Materials

A plaintiff seeking damages for civil theft and/or conversion must establish that he or she has the right to possess the property.  *Fogade v. ENB Revocable Tr.*, 263 F.3d 1274, 1291 (11th Cir. 2001) ("Under Florida law, a conversion is 'an unauthorized act which deprives another of his property permanently or for an indefinite time.'"); *Palmer v. Gotta Have it Golf Collectibles, Inc.*, 106 F. Supp. 2d 1289, 1303 (S.D. Fla. 2000) (To establish civil theft under Florida law, "it is necessary to show not only that defendant obtained or endeavored to obtain the plaintiff's property, but that he did so with felonious intent to commit theft.").  This requires that the plaintiff "allege facts sufficient to show ownership of the subject property and facts that the other party wrongfully asserted dominion over that property."  *BluestarExpo, Inc. v. Enis*, 568 F. Supp. 3d 1332, 1349 (S.D. Fla. 2021) (citations omitted).

---

[8] "A party may set out 2 or more statements of a claim or defense alternatively or hypothetically, either in a single count or defense or in separate ones.  If a party makes alternative statements, the pleading is sufficient if any one of them is sufficient."  Fed. R. Civ. P. 8(d)(2).  "A party may state as many separate claims or defenses as it has, regardless of consistency."  Fed. R. Civ. P. 8(d)(3).

Here, Mr. Skarzynski alleges he "is the owner of the Materials and was entitled to immediate possession of the Materials because [he] paid Ramindesign in full for the Materials." (Am. Countercl. ¶ 37). Ramindesign counters arguing that "[i]t is clear under the Contract that without Ramindesign's written assignment of its rights under subcontracts and purchase orders and delivery of same to Skarzynski, there can be no valid assignment of the subcontracts and purchase orders to Skarzynski." (Mot. at 11). The Court finds that Ramindesign has convoluted and overcomplicated the issue. At this stage in the litigation, Mr. Skarzyski has sufficiently alleged he "is the owner of the Materials and was entitled to immediate possession" because he "paid Ramindesign in full for the Materials." (Am. Countercl. ¶ 37).[9] Accepting Mr. Skarzynski's allegations as true and drawing all inferences in his favor, the Court finds that he has plausibly alleged ownership of the Materials. *See Iqbal*, 556 U.S. at 679.

Ramindesign also argues that on "the face of [the] Purchase Orders, the contracting parties are not Ramindesign but RDD as purchaser and Boffi Miami as seller." (Mot. at 11). However, the undisputed record shows that Ramin Aleyasin is the manager of both Ramindesign and RDD. (D.E. 61-1 at 2).[10] As discussed, Mr. Skarzynski alleges that he paid Ramindesign for the Materials. Furthermore, the Purchase Orders show the intended

---

[9] Mr. Skarzynski further alleges that Ramindesign and/or RDD entered into the purchase orders with Boffi Miami at his behest "as part of the construction on the Project." (Am. Countercl. ¶ 34).

[10] Mr. Skarzynski initially filed a Motion for Order to Show Cause Why a Writ of Replevin Should Not Be Issued Pursuant to Florida Statutes, § 78.065. (D.E. 57). With its Response, Ramindesign filed a Declaration of Ramin Aleyasin. (D.E. 61-1). Therein, Ramin Aleyasin confirms he is the manager of Ramindesign and RDD. (*Id*. at 2). He further confirms that RDD entered 13 purchase orders with Boffi Miami. (*Id*. at 8). Mr. Skarzynski thereafter withdrew his Motion for Order to Show Cause and filed the instant Amended Counterclaims against RDD.

11

delivery address as Mr. Skarzynski's Property at 1413 N. Venetian Way, Miami Beach. (D.E.'s 71-2–71-14). At this stage, Mr. Skarzynski has adequately pled his claim.[11]

### d. Notice under Florida law

Florida Statute § 772.11 provides that before an action for civil theft is filed the plaintiff must make written demand for payment upon the defendant and allow 30 days for payment. Fla. Stat. § 772.11(1). However, Florida courts have consistently held that failure to strictly comply with this pre-suit requirement does not subject a claim for civil theft to dismissal on those grounds alone. *See Korman v. Igelsias*, 736 F. Supp. 261, 267 (S.D. Fla. May 10, 1990) (finding that failure to comply with § 772.11's notice requirement is excusable neglect and does not warrant dismissal); *see also Continental 332 Fund, LLC v. Albertelli*, 317 F. Supp. 3d 1124, 1146 (M.D. Fla. 2018) (finding that the demand requirement is "not substantive" but rather "exists to encourage negotiation and settlement prior to the commencement of litigation. Perhaps recognizing this finding, courts within this circuit have enforced the demand requirement leniently and have declined to dismiss nonconforming claims.").

Mr. Skarzynski alleges that, through his attorney, he "demanded that Ramindesign deliver or release the Materials, but Ramindesign refused to do so." (Am. Countercl. ¶ 39). He further alleges this demand was made after the Materials were released to Ramindesign in January 2024. (*Id.* ¶ 38). On this record, the Court finds that the policy interests of pre-suit negotiation have been met. Simply put, Mr. Skarzynski made a demand, the demand

---

[11] Whether Ramindesign used a separate entity to procure the Materials is a matter for discovery; however, at this point dismissal is not warranted.

was refused, and more than 30 days have now passed. Consequently, dismissal is not warranted on this basis.

### e.      Rule 9(b)

"In addition to the Rule 8(a)(2) requirements, Rule 9(b) requires that, for complaints alleging fraud or mistake, 'a party must state with particularity the circumstances constituting fraud or mistake,' although '[m]alice, intent, knowledge, and other conditions of a person's mind may be alleged generally.'" *In re Galectin Therapeutics, Inc. Secs. Litig.*, 843 F.3d 1257, 1269 (11th Cir. 2016) (quoting Fed. R. Civ. P. 9(b)). The Court has dismissed Count III without prejudice and granted Mr. Skarzynski fourteen days to amend his pleading. Thus, the Court need not address Ramindesign's remaining Rule 9(b) arguments. On replead, Mr. Skarzynski shall have one opportunity to cure the alleged Rule 9(b) pleading deficiencies.

## IV.    Conclusion

Accordingly, it is **ORDERED AND ADJUDGED** as follows:

1. Counter-Defendant's Motion to Dismiss Counts III, V, and VI of the Amended Counterclaims (D.E. 90) is **GRANTED in part and DENIED in part**;

2. Count III of the Amended Counterclaims (D.E. 71 at 30–32) is **DISMISSED without prejudice**;

3. On or before **October 30, 2024**, Mr. Skarzynski shall file a Second Amended Answer, Affirmative Defenses, and Second Amended Counterclaims that corrects the pleading deficiencies identified in this Order.[12]

**DONE AND ORDERED** in Chambers at Miami, Florida this 16th day of October, 2024.

*[signature]*
**JOAN A. LENARD**
**UNITED STATES DISTRICT JUDGE**

---

[12] The opposing parties need not respond to Mr. Skarzynski's existing Amended Counterclaims (D.E. 71 at 16–47) in light of the impending amendment authorized by this Order. Additionally, Mr. Skarzynski is cautioned against assuming he will be granted further opportunities to amend. If he fails to correct the pleading deficiencies identified in this Order, his Counterclaims will be dismissed.