## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF FLORIDA

### CASE NO. 23-24838-CIV-LENARD/ELFENBEIN

**RAMINDESIGN, LLC,**

      Plaintiff,

v.

**JACEK SKARZYNSKI and,**
**OLGA SKARZYNSKI**

      Defendants.

_____/

**JACEK SKARZYNSKI**,
Counter-Plaintiff,

v.

**RAMINDESIGN, LLC**,
a Florida limited liability company,
**RAMINDESIGN + DEVELOPMENT, LLC**,
a Florida limited liability company,
**LHF CONSTRUCTION, INC**., a Florida corporation,
and **LARRY FEDER**, an individual,
Counter-Defendants.

_____/

### ORDER GRANTING IN PART AND DENYING IN PART COUNTER-DEFENDANT'S MOTION TO DISMISS COUNT X AND MOTION FOR A MORE DEFINITE STATEMENT AS TO COUNTS IX AND XI OF THE AMENDED COUNTERCLAIMS

**THIS CAUSE** is before the Court on Counter-Defendants LHF Construction, Inc.

("LHF") and Larry Feder's ("Mr. Feder") (together, "Counter-Defendants) Motion to

Dismiss Count X and Motion for a More Definite Statement as to Counts IX and XI of the

Amended Counterclaims ("Motion," D.E. 93) filed July 22, 2024.  Counter-Plaintiff Jacek

Skarzynski ("Mr. Skarzynski") filed a Response opposing the Motion and, alternatively moving to amend his Counterclaims, on August 9, 2024.[1] ("Response," D.E. 105). Counter-Defendants did not file a Reply and the time to do so has passed. Upon review of the Motion, Response, and the record, the Court finds as follows.

## I.   Background[2]

This action arises from disputes surrounding the design and construction of a single-family residence on Mr. Skarzynski's property in Miami-Dade County, Florida. (Am. Countercl. ¶ 10). Mr. Skarzynski is an owner of real property located at 1413 North Venetian Way, Miami, FL 33139. (*Id.* ¶ 11). In early 2021, Mr. Skarzynski was introduced to Ramin Aleyasin and his company Ramindesign. Following discussions, Mr. Skarzynski and Mr. Aleyasin agreed that Ramindesign would design and construct a single-family residence on Mr. Skarzynski's property (the "Home" or "Project"). (*Id.* ¶ 12). Mr. Skarzynski and Ramindesign entered into a written agreement dated January 27, 2022 (the "Agreement"), pursuant to which Ramindesign was to design and construct the Home. (*Id.* ¶ 13).[3] Disputes arose as the Project progressed, and on January 5, 2024, Ramindesign filed the operative Amended Complaint asserting the following causes of action:

---

[1] Mr. Skarzynski's Response is thus construed as containing a motion for leave to amend the Counterclaims. *See e.g. Williams v. Women's Healthcare of Dothan, P.C.*, No. 1:09-CV-873-WKW, 2010 WL 2025405, at *1 (M.D. Ala. May 19, 2010) (construing a response to a motion for more definite statement as a motion for leave to amend).

[2] The following facts are gleaned from Mr. Skarzynski's Amended Counterclaims (D.E. 71 at 16–47) and are deemed to be true for purposes of ruling on the Motion.

[3] The Agreement is attached to the Amended Counterclaims as Exhibit A.

- <u>Count I</u>: Breach of Contract against Mr. Skarzynski, (*id.* ¶¶ 36–41);

- <u>Count II</u>: Equitable Fee Adjustment under Section 6.4 of the Agreement against Mr. Skarzynski, (*id.* ¶¶ 42–48);

- <u>Count III</u>: Unjust Enrichment against Mr. and Mrs. Skarzynski; (*id.* ¶¶ 49–56);

- <u>Count IV</u>: Quantum Meruit against Mr. and Mrs. Skarzynski, (*id.* ¶¶ 57–61);

- <u>Count V</u>: Equitable Lien against Mr. and Mrs. Skarzynski, (*id.* ¶¶ 62–74).

On February 12, 2024, Mr. and Mrs. Skarzynski filed a Motion to Dismiss the Amended Complaint (D.E. 16), which was denied by the Court on May 20, 2024.  (D.E. 62).  Mr. and Mrs. Skarzynski thereafter filed their Amended Answer and Affirmative Defenses (D.E. 71 at 1–16).  Mr. Skarzynski further filed the following Amended Counterclaims ("Amended Counterclaims," D.E. 71 at 16–47) which joined LHF and Mr. Feder as third-party defendants:

- <u>Count I</u>: Breach of Contract against Ramindesign, (*id.* ¶¶ 49–72);

- <u>Count II</u>: Accounting against Ramindesign, (*id.* ¶¶ 73–78);

- <u>Count III</u>: Negligence against Ramindesign; (*id.* ¶¶ 79–87);

- <u>Count IV</u>: Violation of Florida Building Code against Ramindesign, (*id.* ¶¶ 88–98);

- <u>Count V</u>: Civil theft against Ramindesign, (*id.* ¶¶ 99–111);

- <u>Count VI</u>: Conversion against Ramindesign (*id.* ¶¶ 112–117);

- <u>Count VII</u>: Civil theft against Ramindesign+Development (*id.* ¶¶ 118–132);

- <u>Count VIII</u>: Conversion against Ramindesign+Development (*id.* ¶¶ 133–138);

3

- <u>Count IX</u>: Negligence against LHF Construction (*id.* ¶¶ 139–148);[4]

- <u>Count X</u>: Violation of Florida Building Code against LHF Construction, (*id.* ¶¶ 149–156);[5]

- <u>Count XI</u>: Negligence against Larry Feder, (*id.* ¶¶ 157–166).[6]

Counter-Defendants assert that Mr. Skarzynski should be compelled to provide a more definite statement as to negligence counts against them (Counts IX and XI). (Mot. at 4). Counter-Defendants state the allegations are "conclusory" and fail to reference "a single defect in the construction; a single building code reference; or even a description of the work allegedly at issue." (*Id.* ¶ 21). They thus argue they are rendered unable "to adequately respond," "to ascertain whether any of the alleged defects or building code violations apply to their scope of supervision on the project," and to assert affirmative defenses that may only be available in "certain factual scenarios." (*Id.* ¶¶ 22–23). In his Response, Mr. Skarzynski asserts that "Counts IX and XI, together with the factual background section of the Counterclaims, sufficiently provide LHF and Mr. Feder with the information needed to understand Mr. Skarzynski's negligence claims and formulate a responsive pleading." (Resp. at 4).

---

[4] Count IX is premised on LHF allegedly being "retained by Ramindesign and/or Ramindesign+Development for the purpose of using its contractor's license to pull permits for the construction of the Home." (Am. Countercl. ¶ 140).

[5] Mr. Skarzynski and Counter-Defendants agree that Count X should be dismissed. (*See* Mot. at 3; Resp. at 1 n. 1).

[6] Count XI is based upon Mr. Feder's alleged status as "the primary qualifying agent for LFH." (Am. Countercl. ¶ 158).

## II.     Legal Standards

Under Federal Rule of Civil Procedure 12(b)(6), a court may dismiss a claim for "failure to state a claim upon which relief can be granted[.]" Fed. R. Civ. P. 12(b)(6). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). Conclusory statements, assertions or labels will not survive a 12(b)(6) motion to dismiss. *Id.* "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.*; *see also Edwards v. Prime, Inc.*, 602 F.3d 1276, 1291 (11th Cir. 2010) (setting forth the plausibility standard). "Factual allegations must be enough to raise a right to relief above the speculative level[.]" *Twombly*, 550 U.S. at 555 (citation omitted). Additionally:

> Although it must accept well-pled facts as true, the court is not required to accept a plaintiff's legal conclusions. *Ashcroft v. Iqbal*, 556 U.S. 662, 129 S. Ct. 1937, 1949, 173 L. Ed. 2d 868 (2009) (noting "the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions"). In evaluating the sufficiency of a plaintiff's pleadings, we make reasonable inferences in Plaintiff's favor, "but we are not required to draw plaintiff's inference." *Aldana v. Del Monte Fresh Produce, N.A., Inc.*, 416 F.3d 1242, 1248 (11th Cir. 2005). Similarly, "unwarranted deductions of fact" in a complaint are not admitted as true for the purpose of testing the sufficiency of plaintiff's allegations. *Id.*; *see also Iqbal*, 129 S. Ct. at 1951 (stating conclusory allegations are "not entitled to be assumed true").

*Sinaltrainal v. Coca-Cola*, 578 F.3d 1252, 1260 (11th Cir. 2009), *abrogated on other grounds by Mohamad v. Palestinian Auth.*, 566 U.S. 449, 453 n.2 (2012). The Eleventh

Circuit has endorsed "a 'two-pronged approach' in applying these principles: 1) eliminate any allegations in the complaint that are merely legal conclusions; and 2) where there are well-pleaded factual allegations, 'assume their veracity and then determine whether they plausibly give rise to an entitlement to relief.'"  *Am. Dental Ass'n v. Cigna Corp.*, 605 F.3d 1283, 1290 (11th Cir. 2010) (quoting *Iqbal*, 556 U.S. at 679).

In addressing a Rule 12(b)(6) motion, the court considers the allegations of the complaint, exhibits attached or incorporated by reference, and exhibits attached to the motion to dismiss if they are central to the plaintiff's claim and are undisputed.  *See Day v. Taylor*, 400 F.3d 1272, 1276 (11th Cir. 2005); *Space Coast Credit Union v. Merrill Lynch, Pierce, Fenner & Smith Inc.*, 295 F.R.D. 540, 546 n.4 (S.D. Fla. 2013).

## III.    Discussion

### a.    Count X

As a preliminary matter, the Parties agree that Count X should be dismissed.  (*See* Mot. at 3; Resp. at 1 n. 1).  However, they appear to disagree on whether the dismissal should be with or without prejudice.  In his Response, Mr. Skarzynski seems to assert the dismissal should be without prejudice pursuant to his August 9, 2024 Notice of Voluntary Dismissal.  (D.E. 106).[7]  On the other hand, LHF argues that Count X should be dismissed with prejudice "on the basis of a dispositive issue of law, [as] no construction of the factual allegations will support the cause of action."  (Mot. at 3 (citing *Marshall Cnty. Bd. of Educ. v. Marshall Cnty. Gas Dist.*, 992 F.2d 1171, 1174 (11th Cir. 1993)).

---

[7] The Notice was vacated by the Court on October 2, 2024 because Mr. Skarzynski improperly sought to dismiss "only some of his counterclaims."  (D.E. 117 (citations omitted)).

Specifically, LHF argues that Florida Statute § 553.84[8] "only provides a civil cause of action for damages sustained to a 'completed building, structure or facility.'"  (Mot. at 15).  Based on the plain language of the statute, the Court agrees.  *See* Fla. Stat. § 553.84 (requiring a "material violation" of the Florida Building Code and defining that term as existing "within a completed building, structure, or facility which may reasonably result, or has resulted, in physical harm to a person or significant damage to the performance of a building or its systems.").  Here, it is undisputed that the Project was terminated prior to completion of any building, structure, or facility.  (Am. Compl. ¶ 30; Am. Countercl. ¶ 64).  The Court thus finds that there are no sets of facts that could be alleged to allow Mr. Skarzynski to prevail on his claim in Count X.  Consequently, Count X shall be dismissed with prejudice.[9]

### b.      Counts IX and XI

Under Rule 12(e), "[a] party may move for a more definite statement of a pleading to which a responsive pleading is allowed but which is so vague or ambiguous that the party cannot reasonably prepare a response."  Fed. R. Civ. P. 12(e).  The moving party must "point out the defects complained of and the details desired."  *Id.*  However, a Rule 12(b)(e) "motion is intended to provide a remedy for an unintelligible pleading, rather than a vehicle for obtaining greater detail."  *Aventura Cable Corp. v. Rifkin/Narragansett S. Fla.*

---

[8] This is the statute on which Count X relies.  (*See* Am. Countercl. ¶ 150).

[9] Furthermore, Mr. Skarzynski did not respond to LHF's argument.  He instead asserted that his Notice of Voluntary Dismissal rendered "LHF's Motion to Dismiss Count X moot."  (Resp. at 1 n. 1).  Thus, in the alternative, the Court finds that Mr. Skarzynski has waived his right to oppose dismissal with prejudice.

*CATV Ltd. P'ship*, 941 F. Supp. 1189, 1195 (S.D. Fla. 1996); *see also S.E.C. v. Digital Lightwave, Inc.*, 196 F.R.D. 698, 700 (M.D. Fla. 2000) (touchstone for Rule 12(e) motion is unintelligibility, not lack of detail).

Here, Counts IX and XI both reference "deficiencies caused by faulty workmanship or defective work performed by Ramindesign, LHF and/or its subcontractors or suppliers that has caused damage to other property located at the Home." (Am. Countercl. ¶¶ 146, 164). These allegations fail to satisfy the Rule 8(a) minimum pleading standards for multiple reasons. First, although the Court has read the allegation in context alongside the factual background section, nowhere in the pleading does Mr. Skarzynski identify the specific "deficiencies." Second, Mr. Skarzynski fails to identify the "faulty workmanship or defective work" underlying these unknown "deficiencies." Third, he fails to specify whether Ramindesign, LHF and/or its subcontractors or suppliers is responsible for the unknown "faulty workmanship or defective work" underlying these unknown "deficiencies." Finally, he fails to specify what "damage" was caused "to other property located at the Home." A complaint must contain "sufficient factual matter" and "conclusory statements" will not suffice. *Iqbal*, 556 U.S. at 678. Here, Mr. Skarzynski's threadbare allegations and conclusory statements fail to meet the minimum pleading standards.

Additionally, the Court agrees with the Counter-Defendants that the "vagueness renders LHF and FEDER unable to adequately respond to the negligence counts." (Mot. at 5). In this sense, Counts IX and XI are quintessential shotgun pleadings. Shotgun pleadings "fail . . . to give the defendants adequate notice of the claims against them and

8

the grounds upon which each claim rests." *Weiland v. Palm Beach Cnty. Sheriff's Off.*, 792 F.3d 1313, 1323 (11th Cir. 2015).

In sum, Counts IX and XI are shotgun pleadings that violate the Rule 8(a) minimum pleading standards.   However, while the pleading lacks sufficient detail, it is not "unintelligible." *Aventura Cable Corp.*, 941 F. Supp. at 1195.  As such, the Motion for a More Definite Statement is due to be denied.

Rather than ordering Mr. Skarzynski to file a more definite statement, the Court will consider his request to amend.  (D.E. 105 at 3 (requesting leave "to amend Counts IX and XI of his Counterclaims.")).  As Mr. Skarzynski has previously amended his Counterclaims once as a matter of course, *see* Fed. R. Civ. P. 15(a)(1), he may only amend "with the opposing party's written consent or the court's leave." *Id.* at R. 15(a)(2).  "The court should freely give leave when justice so requires." *Id.*  Moreover, under the Federal Rules of Civil Procedure, district courts are required to enter a scheduling order that limits the time to amend the pleadings.  *See* Fed. R. Civ. P. 16(b)(3)(A).  Scheduling orders may be modified only "for good cause and with the judge's consent." *Id.* at R. 16(b)(4).  The Court recently granted the parties' Joint Motion to Continue Trial and Extend Pretrial Deadlines (D.E. 112) and extended the trial date as well as the remaining pretrial deadlines.  (D.E. 114). Now, the Court also finds good cause to extend Mr. Skarzynski's deadline to amend his Counterclaims.  Therefore, Mr. Skarzynski's Motion to Amend shall be granted.

On replead, Mr. Skarzynski must provide "sufficient factual matter" to satisfy the Rule 8(a) minimum pleading standards.[10] *Iqbal*, 556 U.S. at 678.  His amended pleading must identify (1): the specific "deficiencies," (2): the "faulty workmanship or defective work" underlying each deficiency, (3): the responsible party or parties, and (4): the specific "damage" caused "to other property located at the Home."  Additionally, the amended pleading must correct the other pleading deficiencies identified herein and provide "adequate notice of the claims … and the grounds upon which each claim rests." *Weiland*, 792 F.3d at 1323.

### IV.     Conclusion

Accordingly, it is **ORDERED AND ADJUDGED** as follows:

1. The Counter-Defendants' Motion to Dismiss Count X and Motion for a More Definite Statement as to Counts IX and XI of the Amended Counterclaims (D.E. 93) is **GRANTED in part and DENIED in part**;

2. Count X of the Amended Counterclaims (D.E. 71 at 43–44) is **DISMISSED with prejudice**;[11]

---

[10] On replead, Mr. Skarzynski must also comply with Rule 10(b):

> A party must state its claims or defenses in numbered paragraphs, each limited as far as practicable to a single set of circumstances.  A later pleading may refer by number to a paragraph in an earlier pleading.  If doing so would promote clarity, each claim founded on a separate transaction or occurrence--and each defense other than a denial--must be stated in a separate count or defense.

Fed. R. Civ. P. 10(b).

[11] Mr. Skarzynski shall not include Counts IV and X in his amended pleading.  As discussed, he previously filed notices of voluntary dismissal of these counts (D.E.'s 106, 107) and the Court has now found dismissal with prejudice appropriate.

3.    The Motion for a More Definite Statement as to Counts IX and XI is **DENIED**;

4.    Mr. Skarzynski's construed Motion for Leave to Amend Counterclaims (D.E. 105) is **GRANTED**; and

5.    On or before **October 30, 2024**, Mr. Skarzynski shall file a Second Amended Answer, Affirmative Defenses, and Second Amended Counterclaims that corrects the pleading deficiencies identified in this Order.[12]

**DONE AND ORDERED** in Chambers at Miami, Florida this 16th day of October, 2024.

_Joan A. Lenard_
**JOAN A. LENARD**
**UNITED STATES DISTRICT JUDGE**

---

[12] The opposing parties need not respond to Mr. Skarzynski's existing Amended Counterclaims (D.E. 71 at 16–47) in light of the impending amendment authorized by this Order.  Additionally, Mr. Skarzynski is cautioned against assuming he will be granted further opportunities to amend. If he fails to correct the pleading deficiencies identified in this Order, his Counterclaims will be dismissed.