## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF FLORIDA

CASE NO. 23-CV-24838-LENARD/Elfenbein

**RAMINDESIGN, LLC,**

     Plaintiff,

v.

**JACEK SKARZYNSKI**, and
**OLGA SKARZYNSKI**,

     Defendants.

_____/

## <u>REPORT AND RECOMMENDATION</u>

**THIS CAUSE** is before the Court on Plaintiff Ramindesign, LLC's ("Plaintiff") Motion to Strike Defendants Jacek Skarzynski ("J. Skarzynski") and Olga Skarzynski's ("O. Skarzynski") (collectively "Defendants") Affirmative Defenses and Supporting Memorandum of Law (the "Motion"), ECF No. [122]. Defendants filed a Response in Opposition to the Motion (the "Response"), ECF No. [132], to which Plaintiff filed a Reply (the "Reply"), ECF No. [133]. The Honorable Joan A. Lenard has referred the Motion to me for a report and recommendation. *See generally* ECF No. [46]. Having reviewed the Motion, the Response, and the Reply, as well as the record and relevant law, I recommend that the Motion be **DENIED in part** and **GRANTED in part**.

## I.    BACKGROUND

The instant matter arises from an alleged breach of contract "whereby Plaintiff Ramindesign, LLC was engaged to plan, develop and manage the construction of a specialized luxury single family home in Miami and Defendants' inequitable conduct in connection therewith." ECF No. [5] at ¶ 1. Plaintiff holds itself out to be a developer of "'spec' luxury

homes" with a "track record of delivering quality high[-]end and stylistic luxury personal residences." *Id.* at ¶ 7. In late 2021, Defendant J. Skarzynski approached Plaintiff's principal, Ramin Aleyasin, to build a waterfront home in Miami that Defendant J. Skarzynski intended to sell for a profit upon the home's completion. *See id.* at ¶ 9. "Thereafter, the parties engaged in extensive negotiations which resulted in the written agreement dated January 27, 2022" (the "Agreement") between Defendant J. Skarzynski and Plaintiff. *Id.* at ¶ 10.

"Plaintiff commenced the project on schedule, engaging a general contractor[,]" subcontractors, and materials suppliers. *Id.* at ¶ 18. As the project proceeded, "material and labor costs rose markedly, as inflation gripped the United States and other countries, which led in turn to significant project cost increases." *Id.* During the course of the project, Defendant J. Skarzynski allegedly stopped making payments in accordance with the terms of the Agreement. *See id.* at ¶¶ 20-28. Plaintiff continued to complete work on the project until it could no longer pay its contractors and material providers. *See id.* at ¶ 29.

After Plaintiff stopped working on the project, Defendant J. Skarzynski "hired a general contractor to replace Plaintiff and its general contractor." *Id.* at ¶ 30. According to Plaintiff, it was Defendants' intention "to have their new general contractor use [Plainitff]'s ideas, plans, designs, work performed and the materials ordered, and hire [Plaintiff]'s subcontractors and use them to complete the project without paying Plaintiff [its] earned unpaid fees, future fees and all of the outstanding costs which Plaintiff had fronted for the project for which it had not been reimbursed." *Id.*

"On December 15, 2023, Defendant [J. Skarzynski] sent written notice to Plaintiff terminating the Agreement[,]" claiming it was for cause. *Id.* at ¶ 34. "Defendant [J. Skarzynski] justified the termination claiming Plaintiff had not recommenced performance, was not diligently

working to complete the project, . . . and not given him full and accurate documentation concerning the cost of the work." *Id.*

Based on these allegations, Plaintiff alleges five counts against Defendants: Count I for breach of contract against Defendant J. Skarzynski, *see id.* at ¶¶ 36-41; Count II for equitable fee adjustment against Defendant J. Skarzynski, *see id.* at ¶¶ 42-48; Count III for unjust enrichment against both Defendants, *see id.* at ¶¶ 49-56; Count IV for quantum meruit against both Defendants, *see id.* at ¶¶ 57-61; and Count V for equitable lien against both Defendants, *see id.* at ¶¶ 62-74.

On February 12, 2024, Defendants filed a Motion to Dismiss the Amended Complaint, *see generally* ECF No. [16], which Judge Lenard denied on May 20, 2024, *see generally* ECF No. [62]. Thereafter, Defendants filed their Amended Answer and Affirmative Defenses to Plaintiff's Amended Compliant, which raised sixteen affirmative defenses, *see* ECF No. [71] at 11-16, and Plaintiff then filed its First Motion to Strike, *see* ECF No. [88] at 1. Before the undersigned could issue a report on the first Motion to Strike, Defendants filed a Second Amended Answer and Affirmative Defenses (the "Second Amended Answer"), which mooted Plaintiff's first Motion to Strike. *See* ECF No. [120]. On November 13, 2024, Plaintiff filed the instant Motion, which asks the Court to strike the "First through Twelfth and Fourteenth Affirmative Defenses" of the Second Amended Answer. *See* ECF No. [122] at 1. Defendants thereafter filed their Response, asserting that all of the Second Amended Answer's affirmative defenses are valid. *See generally* ECF No. [132]. And, Plaintiff filed its Reply, arguing that the Second Amended Answer's challenged affirmative defenses suffer from "a host of defects including being conclusory and vague, acting as mere liability denials, not confessing and avoiding liability, making ambiguous reference to other documents and being asserted to all claims regardless of applicability." ECF No. [133] at 1. With the Motion being fully briefed, this matter is now ripe for review.

3

## II.    LEGAL STANDARDS

### A.    Rule 12(f) and Affirmative Defenses Generally

"The court may strike from *a pleading* an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." Fed. R. Civ. P. 12(f) (emphasis added). By definition, a "pleading" is one of these seven documents: (1) "a complaint," (2) "an answer to a complaint, (3) "an answer to a counterclaim designated as a counterclaim," (4) "an answer to a crossclaim," (5) "a third-party complaint," (6) "an answer to a third-party complaint," and (7) "if the court orders one, a reply to an answer." Fed. R. Civ. P. 7(a). Motions, by contrast, are not pleadings. *See, e.g.*, *Airport Rent-A-Car, Inc. v. Prevost Car, Inc.*, 788 F. Supp. 1203, 1205 (S.D. Fla. 1992) ("A motion to dismiss is not a responsive pleading."); *Polite v. Dougherty Cnty. Sch. Sys.*, 314 F. App'x 180, 184 n.7 (11th Cir. 2008) ("[M]otions to strike are only appropriately addressed towards matters contained in the pleadings; here, the affidavit was submitted as part of the motion for summary judgment, which is not a pleading.").

For purposes of a motion to strike, a matter is redundant if it "essentially repeats" information or arguments that have already appeared in another filing by that party. *See Pro Transp., Inc. v. Great Am. Assurance Co.*, No. 17-CV-20724, 2018 WL 11352652, at *11 (S.D. Fla. Jan. 30, 2018); *Owens v. Blue Tee Corp.*, 177 F.R.D. 673, 678 (M.D. Ala. 1998) ("'Redundant' matter consists of allegations that constitute a needless repetition of other averments." (quoting 5A Charles A. Wright & Arthur Miller, Federal Practice and Procedure § 1382 at 704 (1990))); 2 Moore's Federal Practice § 12.37 (Matthew Bender 3d Ed. 2024) ("[C]ourts will strike a claim as 'redundant' when it essentially repeats another claim in the same complaint."). A matter is immaterial if it "has no value in developing the issues of the case," is impertinent if it is "irrelevant to the issues" or "not properly in issue between the parties," and is scandalous if it is "both grossly

disgraceful (or defamatory) and irrelevant to the action or defense." *See Blake v. Batmasian*, 318 F.R.D. 698, 700 nn.2-4 (S.D. Fla. 2017).

"The purpose of a motion to strike is to clean up the pleadings, remove irrelevant or otherwise confusing materials, and avoid unnecessary forays into immaterial matters." *Id.* at 700. "Courts consider striking a pleading to be a drastic remedy and generally view motions to strike with disfavor." *Gill-Samuel v. Nova Biomedical Corp.*, 298 F.R.D. 693, 699 (S.D. Fla. 2014) (quotation marks omitted). "A motion to strike will therefore usually be denied unless the allegations have no possible relation to the controversy and may cause prejudice to one of the parties." *Id.* (quotation marks omitted); *see also Blake*, 318 F.R.D. at 700-01 ("[A] motion to strike will be granted only if the matter sought to be omitted has no possible relationship to the controversy, may confuse the issues, or otherwise prejudice a party."); *Williams v. Delray Auto Mall, Inc.*, 289 F.R.D. 697, 700 (S.D. Fla. 2013) ("Relief under Rule 12(f) is granted sparingly. . . ."). "If there is any doubt as to whether under any contingency the matter may raise an issue, the motion should be denied." *Blake*, 318 F.R.D. at 700.

### B.    Pleading Standard for Affirmative Defenses

The Parties are at odds over the level of factual detail an affirmative defense must contain to survive a motion to strike. Plaintiff argues that affirmative defenses are pleadings that must comply with all the same pleading requirements applicable to complaints. ECF No. [122] at 1-3. Defendants, on the other hand, hold the view that affirmative defenses need only contain as much factual detail as is necessary to give the opposing party notice "of any additional issue that may be raised at trial so that" they are "prepared to properly litigate it." ECF No. [132] at 4 (quoting *Hassan v. USPS*, 842 F.2d 260, 263 (11th Cir. 1988)).

"Courts have developed two schools of thought regarding the pleading standard required for affirmative defenses, and the Eleventh Circuit has not yet resolved the split in opinion." *Ramnarine v. CP RE Holdco 2009-1, LLC*, No. 12-CV-61716, 2013 WL 1788503, at *1 (S.D. Fla. Apr. 26, 2013). Some courts have concluded that affirmative defenses are subject to the heightened pleading standard of Rule 8(a), as outlined in *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007), and *Ashcroft v. Iqbal*, 556 U.S. 662 (2009). *See Westchester Gen. Hosp., Inc. v. Evanston Ins. Co.*, 333 F.R.D. 594, 598 (S.D. Fla. 2019) ("The Court is persuaded . . . that both complaints and affirmative defenses are subject to *Twombly* and *Iqbal*." (citations omitted)); *Castillo v. Roche Lab'ys Inc.*, No. 10-CV-20876, 2010 WL 3027726, at *2 (S.D. Fla. Aug. 2, 2010) ("While no Circuit Courts of Appeals have addressed whether this heightened pleading standard applies to affirmative defenses, a majority of lower courts have found that it does." (citations omitted)). Other courts have held that affirmative defenses are subject to a less stringent standard under Rules 8(b) and 8(c), and that affirmative defenses need only provide fair notice of the nature of the defense and the grounds upon which it rests. *See, e.g.*, *Bynum v. Carnival Corp.*, No. 23-CV-23760, 2024 WL 229545, at *2 (S.D. Fla. Jan. 22, 2024) ("In our view, then, Rule 8 does not obligate a defendant to set forth detailed factual allegations; instead, a defendant must give the plaintiff fair notice of the nature of the defense and the grounds upon which it rests." (quotation marks omitted)); *Tsavaris v. Pfizer, Inc.*, 310 F.R.D. 678, 682 (S.D. Fla. 2015) ("[T]his Court joins the growing number of courts in this circuit and others in finding that a lower pleading standard applies to affirmative defenses. Such an approach is faithful both to the letter and the spirit of Rules 8(b) and (c), as revealed through the plain language of Rule 8 and Eleventh Circuit precedent."); *Marino v. Broward Sheriff's Off.*, No. 20-CV-60980, 2021 WL 9347050, at *2 (S.D. Fla. Dec. 6, 2021) ("This Court aligns itself with others holding that Rule 8(c)'s language simply

requires a defendant to 'state' an affirmative defense to put plaintiff on notice, which is a lower standard than Rule 8(a)(2)'s requirement of 'showing' entitlement to relief." (citations omitted)).

The difference in language between Rule 8(a) and Rule 8(b) is subtle but significant. While Rule 8(a) requires "a short and plain statement of the claim showing that the pleader is entitled to relief," Rule 8(b) merely requires that a party "state in short and plain terms its defenses to each claim asserted against it." Fed. R. Civ. P. 8(a) and (b). In plain terms, the language of Rule 8(a) requires the party to "show" that they are entitled to relief, while Rule 8(b) does not. *See Moore v. R. Craig Hemphill & Assocs.*, No. 13-CV-900, 2014 WL 2527162, at *2 (M.D. Fla. May 6, 2014) ("Whereas [Rule 8's] pleading provision uses, 'showing,' its response and affirmative-defense provisions use, 'state,' and *Iqbal*'s and *Twombly*'s analyses relied on 'showing.'"); *Ramnarine*, 2013 WL 1788503, at *3 (explaining that "the difference in the language between Rule 8(a) and Rules 8(b) and (c) requires a different pleading standard for claims and defenses"). Comparable to Rule 8(b), Rule 8(c) requires that a party "must affirmatively state any avoidance or affirmative defense." Fed. R. Civ. P. 8(c). "[T]he Eleventh Circuit has stressed providing notice as the purpose of Rule 8(c): '[t]he purpose of Rule 8(c) is simply to guarantee that the opposing party has notice of any additional issue that may be raised at trial so that he or she is prepared to properly litigate it.'" *Jackson v. City of Centreville*, 269 F.R.D. 661, 662 (N.D. Ala. 2010) (quoting *Hassan*, 842 F.2d at 263).

Thus, affirmative defenses are not subject to the heightened pleading standard set forth in *Twombly* and *Iqbal*. The straightforward construction of Rule 8 delineates different standards for pleadings asserting a claim for relief (Rule 8(a)) as opposed to pleadings asserting affirmative defenses (Rule 8(b) and (c)). *See* Fed. R. Civ. P. 8. "[T]o artificially supply Rules 8(b)(1) and 8(c)(1) with the unique language of Rule 8(a)(2) requiring a 'showing' is to contravene well-

established principles of statutory construction, which have been found applicable to interpreting the Federal Rules of Civil Procedure." *E.E.O.C. v. Joe Ryan Enters., Inc.*, 281 F.R.D. 660, 663 (M.D. Ala. 2012) (citing *Bus. Guides v. Chromatic Comms. Enter., Inc.*, 498 U.S. 533, 540-41 (1991)).  Furthermore, "when one considers that a defendant must answer the complaint within 21 days, imposing a different standard for defenses is not unfair." *Floyd v. SunTrust Banks, Inc.*, No. 10-CV-2620, 2011 WL 2441744, at *8 (N.D. Ga. June 13, 2011).

## III.   DISCUSSION

For the reasons explained below, I recommend that the Court deny Plaintiff's request to strike the Second Amended Answer's First, Third, Fourth, Fifth, Sixth, Seventh, Eighth, Ninth, Tenth, Eleventh, Twelfth, and Fourteenth Affirmative Defenses but grant its request to strike the Second Affirmative Defense without prejudice.

### A.   <u>First Affirmative Defense</u>

The First Affirmative Defense states:

Defendants assert that Ramindesign is precluded from any recovery against Defendants, as Ramindesign committed material breaches of the Agreement. Ramindesign's material breaches of the Agreement include, without limitation: (i) submitting payment requisition(s) to Mr. Skarzynski during the course of construction, for work that Ramindesign had not performed; (ii) submitting a payment requisition #13 to Mr. Skarzynski, which was not in accord with the Agreement and contained materially inaccurate information regarding progress and costs of Ramindesign for the construction of the Home; (iii) failing to timely and fully provide supporting documentation for Ramindesign's costs; (iv) failure to timely and properly pay subcontractors for work performed, resulting in claims and Claims of Lien against the Project; (v) upon information and belief, misappropriating and/or misapplying construction funds paid by Mr. Skarzynski to Ramindesign for work performed on the Project; (vi) upon information and belief, performing defective and/or deficient work; and (vii[]) upon information and belief, intentionally interfering with Mr. Skarzynski's ability to take assignment of subcontractors to complete the Project following Mr. Skarzynski's termination of Ramindesign for cause under the Agreement. Therefore, even if Ramindesign sustained any damages, which it has not, Defendant Jacek Skarzynski is entitled to damages Ramindesign has caused as a result of its material breaches of the Agreement.

ECF No. [120] at 11-12.

Plaintiff argues that the Court should strike the First Affirmative Defense for five reasons. First, Plaintiff claims that the First Affirmative Defense does not confess liability but rather denies that Plaintiff sustained any damages. *See* ECF No. [122] at 6. Second, Plaintiff asserts that "subpart v" of the First Affirmative Defense alleges that Plaintiff misappropriated funds paid by Defendant J. Skarzynski, which is "tantamount to an allegation of fraud, unjust enrichment or civil theft[;]" based on this argument, Plaintiff claims that "subpart v" of the First Affirmative Defense is subject to Federal Rule of Civil Procedure 9(b)'s heightened pleading standard but that the allegations made in "subpart v" lack the factual specificity required by Rule 9(b). *Id.* Third, Plaintiff claims that Defendants bring the First Affirmative Defense on behalf of both Defendants but premised this defense in substantial part on the Agreement between only Plaintiff and Defendant J. Skarzynski. *See id.* Fourth, Plaintiff contends that the First Affirmative Defense is defective because it does not indicate the counts of the Amended Complaint to which it applies. *See id.* Finally, Plaintiff claims that "subparts vi and vii, which also are pleaded upon information and belief, do not provide the minimal factual basis required under Rule 8 and *Twombly*[,]" and thus the Court should strike those portions of the First Affirmative Defense. *Id.* at 7.

Defendants argue that the First Affirmative Defense properly asserts avoidance of Plaintiff's claims and gives Plaintiff notice of the issues it may raise at trial. ECF No. [132] at 4, 6-8. Defendants then assert that its First Affirmative Defense need not confess liability under Rule 8(c) nor need it specify to which count (or counts) of the Amended Complaint it pertains. *See id.* at 5-6. Defendants also reject Plaintiff's assertion that Defendants pled fraud as a defense and, instead, argue that the allegations made in "subpart v" of the First Affirmative Defense go to a claim of material breach. *See id.* at 6-7. Lastly, concerning Plaintiff's arguments as to subparts vi

and vii, Defendants argue that they pled these subparts on information and belief because, without the benefit of discovery, they lack "personal knowledge as to the intentional interference of the Plaintiff on the Project following its termination for cause[.]" *Id.* at 7-8.

Plaintiff replies by rearguing that the First Affirmative Defense "fails" because (1) "it merely denies liability," (2) "it is uniformly asserted to all claims despite it conceivably applying only to Counts I and II," and (3) it alleges "fraud or unjust enrichment or civil theft involving fraud" but fails to satisfy "Rule 9(b)'s heightened particularity requirement."  ECF No. [133] at 1-2 (citation omitted).

The undersigned recommends denying Plaintiff's request to strike Defendants' First Affirmative Defense for four reasons.  First, Plaintiff's position that the First Affirmative Defense is nothing more than a denial of Plaintiff's claims against them is incorrect.  "By definition, 'an affirmative defense is something that, if proven, will reduce or eliminate a plaintiff's recovery even if the plaintiff established a prima facie case.'"  *Rubinstein v. Keshet Inter Vivos Tr.*, No. 17-CV-61019, 2019 WL 2475179, at *6 (S.D. Fla. June 13, 2019) (quoting *F.D.I.C. v. Stovall*, 2014 WL 8251465, at *2 (N.D. Ga. Oct. 2, 2014)); *see also Stovall*, 2014 WL 8251465, at *2 ("[A]n affirmative defense is something that, if proven, will reduce or eliminate a plaintiff's recovery even if the plaintiff established a prima facie case." (citing *Roberge v. Hannah Marine Corp.*, 124 F.3d 199, 199 (6th Cir. 1997))).  Here, Defendants' claim in the First Affirmative Defense that Plaintiff would be "precluded from any recovery" does not merely deny the factual allegations in the Amended Complaint, but it instead alleges that Plaintiff "committed [its own] material breaches of the Agreement" and then lists seven independent, supporting allegations for breach of contract.  *See* ECF No. [120] at 11.  The First Affirmative Defense falls squarely within the definition of an affirmative defense.  *See, e.g., Delgado v. Carnival Corp.*, 640 F. Supp. 3d 1286,

1288 (S.D. Fla. 2022) ("An affirmative defense is generally a defense that, if established, requires judgment for the defendant even if the plaintiff can prove his case by a preponderance of the evidence." (quoting *Wright v. Southland Corp.*, 187 F.3d 1287, 1303 (11th Cir. 1999))); *Open Sea Distrib. Corp. v. Artemis Distrib., LLC*, 692 F. Supp. 3d 1151, 1182 (M.D. Fla. 2023) (same).

Still, even if the First Affirmative Defense were deemed a denial instead of a defense, judges in this District agree that "[w]hen a defendant mislabels a specific denial as a defense, the proper remedy is to treat the claim as a denial, not to strike it." *Tsavaris*, 310 F.R.D. at 682 (citing *FDIC v. Bristol Home Mortg. Lending, LLC*, No. 08-CV-81536, 2009 WL 2488302, at *3 (S.D. Fla. Aug. 13, 2009)); *see also Losada v. Norwegian (Bahamas) Ltd.*, 296 F.R.D. 688, 691 (S.D. Fla. 2013) ("When an affirmative defense is mislabeled and is more properly a denial, the Court should not strike the claim but should treat it as a specific denial." (citations omitted)).

As to Plaintiff's next point, Defendants need not specify to which count or counts the First Affirmative Defense applies and to which Defendants it relates. Plaintiff cites two cases to support its position: *Burger King Corp. v. Berry*, No. 20-CV-21801, 2020 WL 10224201 (S.D. Fla. Sept. 4, 2020) and *Morrison v. Executive Aircraft Refinishing*, Inc., 434 F. Supp. 2d 1314 (S.D. Fla. 2005). *See* ECF No. [122] at 6; ECF No. [133] at 2. Starting with the *Berry* case, the only finding therein that potentially supports Plaintiff's position is the court's statement that "[t]he Affirmative Defense[s] here fail because they do not give fair notice of the defenses and the grounds upon which they rest, they are vague and ambiguous, and they do not respond to any particular count." *Berry*, 2020 WL 10224201 at *15 (citation omitted). The same is generally true for *Morrison*. 434 F. Supp. 2d at 1318. While the First Affirmative Defense does not identify the count or counts of the Amended Complaint to which it applies, unlike in *Berry* and *Morrison*, it is sufficiently

detailed to give Plaintiff fair notice of the defense and the grounds on which it rests.  *See id.* at 14; ECF No. [120] at 11-12.

Instead, *Adams v. Jumpstart Wireless Corporation*, 294 F.R.D. 668 (S.D. Fla. 2013) is more convincing on this issue.  In *Adams*, the court made the following finding:

> Plaintiff [] argues generally that, because the affirmative defenses do not specify which counts in the Complaint they address, they should be stricken as shotgun pleading. Shotgun pleading of defenses, by which a defendant's affirmative defenses respond not to a particular count but to the complaint as a whole, is disfavored for the confusion and burdensome litigation it tends to cause. Defendants' failure in this case to specify to which counts of the Complaint each affirmative defense pertains, however, does not justify striking of the defenses. Plaintiff pleads four interrelated causes of action, all asserting different theories of recovery arising from the same sequence of events. The affirmative defenses likewise pertain to this unitary sequence of events. Discovery in this matter will not be unduly complicated by the development of the factual underpinnings of each affirmative defense in relation to this sequence of events. Moreover, Plaintiff pleads her claims under only four theories of recovery, and will not be prejudiced by being required to consider how the affirmative defenses pertain to each of these few theories. Therefore, Defendants' failure to identify the counts each affirmative defense targets does not prejudice Plaintiff such as would justify striking of the defense.

*Adams*, 294 F.R.D. at 672-73.  Like the defendants in *Adams*, Defendants' failure to specify the counts of the Amended Complaint to which the First Affirmative Defense pertains does not justify striking the defense because both the counts raised in the Amended Complaint and the First Affirmative Defense arise from the same sequence of events, which in this case involved a contract between Defendant J. Skarzynski and Plaintiff to build a home in Miami and Defendant J. Skarzynski's alleged failure to comply with the terms of that contract.  *See* ECF No. [5] at ¶¶ 7-35; ECF No. [120] at 11-12.

However, this finding still leaves the question of whether the Court must strike the First Affirmative Defense because Defendants did not identify to which Defendants this defense applies. In both the Motion and Reply, Plaintiff fails to provide the Court with case law to support its

assertion that Defendants were required to specify such information.  *See generally* ECF No. [122]; ECF No. [133].  Without any legal support for such a proposition, the undersigned declines to recommend the drastic remedy of striking the First Affirmative Defense on that basis.

Third, the undersigned disagrees that Defendants improperly plead "subparts vi and vii" of the First Affirmative Defense upon information and belief.  In support of its argument, Plaintiff relies on *Microsoft Corporation v. Jesse's Computers & Repair, Inc.*, 211 F.R.D. 681 (M.D. Fla. 2002) and *Cano v. South Florida Donuts, Inc.*, No. 09-CV-81248, 2010 WL 326052 (S.D. Fla. Jan. 21, 2010), but both applied a heightened pleading standard to motions to strike.  *See Jesse's Computers*, 211 F.R.D. at 684 ("Affirmative defenses are subject to the general pleading requirements of Fed. R. Civ. P. 8(a), which 'generally requir[es] only a short and plain statement' of the defense asserted." (alteration in original; quoting *Saratoga Harness Racing, Inc. v. Veneglia*, No. 94-CV-1400, 1997 WL 135946, *6 (N.D.N.Y.1997))); *Cano*, 2010 WL 326052, at *1 ("Affirmative defenses must comply with the pleading requirements of Fed. R. Civ. P. 8(a), that is, contain 'a short and plain statement' of the asserted defense. 'The defendant must allege some additional facts supporting the affirmative defense.'" (quoting *Boldstar Technical, LLC v. Home Depot, Inc.*, 517 F.Supp.2d 1283, 1291 (S.D. Fla. 2007))).  But, as previously explained, such a pleading standard is inapplicable to affirmative defenses.  *See* discussion *supra* II.B.

Finally, Plaintiff's argument that the First Affirmative Defense should be stricken because "subpart v" raises allegations of fraud, unjust enrichment, or civil theft, requiring that such defenses be pled with particularity under Rule 9(b), also fails to convince.  In the Response, Defendants explain that they are not alleging fraud as an affirmative defense, but rather are claiming that Plaintiff breached the contract in multiple ways including by misappropriating contract funds, which is different than pleading fraud, unjust enrichment, or civil theft as an

affirmative defense.[1]  *See* ECF No. [132] at 6-7.  Because Plaintiff misinterprets the nature of the First Affirmative Defense, the undersigned finds that it need not decide whether Rule 9(b)'s pleading standard applies to affirmative defense generally.

In sum, much like other courts that disfavor the striking of affirmative defense, the undersigned also declines to recommend the striking of the First Affirmative Defense.  *See Westchester Gen. Hosp., Inc. v. Evanston Ins. Co.*, 333 F.R.D. 594, 596 (S.D. Fla. 2019) ("The striking of an affirmative defense is a 'drastic remedy' generally disfavored by courts." (quotation and citations omitted)).  For the foregoing reasons, I recommend that Plaintiff's request to strike the First Affirmative Defense be denied.

### B.   <u>Second Affirmative Defense</u>

The Second Affirmative Defense states: "Defendants assert that Ramindesign's claims against Defendants are barred in whole or in part based upon the express terms of the Agreement, including, without limitation, Articles 3, 4.3, 5.2.1, 8.1, 11, and 14.1.2 of the AIA-A102 Agreement."  ECF No. [120] at 12.

Plaintiff argues that the Second Affirmative Defense is not a confession or avoidance of the claims asserted against Defendants but rather denies liability, and, for that reason, the Court should strike it.  *See* ECF No. [122] at 8.  Plaintiff also argues that the Second Affirmative Defense is insufficient under Rule 9(c).  *See id.* at 7.  Plaintiff explains that "when denying that a condition precedent has occurred or been performed, a party must do so with particularity."  *Id.* at 8 (quoting *Oriole Gardens Condo. Ass'n v. Aspen Specialty Ins. Co.*, No. 11-CV-62281, 2012 WL 864629, at *2 (S.D. Fla. Mar. 13, 2012)).  Plaintiff also explains that the Second Affirmative Defense's

---

[1] Plaintiff makes no effort to address this distinction and instead repeats its position that the allegations in the First Affirmative Defense "are tantamount to fraud or unjust enrichment or civil theft involving fraud, invoking Rule 9(b)'s heightened particularity requirement."  ECF No. [133] at 2.

"without limitation" language is so broad that it fails to give Plaintiff fair notice of the defense Defendants are raising. *Id.* Finally, Plaintiff argues that the Court should strike the Second Affirmative Defense because Defendants assert it on behalf of both Defendants and it applies to all counts of the Amended Complaint. *See id.*

Defendants, for their part, argue that the Second Affirmative Defense asserts that the Amended Complaint's claims are barred because Plaintiff breached a material term of the contract that existed between Plaintiff and Defendant J. Skarzynski. *See* ECF No. [132] at 8. Moreover, Defendants claim that the Second Affirmative Defense alerts Plaintiff to the fact that Defendants "will rely on material terms of the [Agreement] and Plaintiff's failure to comply with one or more of those material terms." *Id.* Lastly, Defendants argue that its Second Affirmative Defense is not subject to Rule 9(c)'s heightened pleading standard because "Defendants do not aver that Plaintiff failed to comply with a condition precedent to the [Agreement] but rather state that Plaintiff has materially breached several terms of the [Agreement] and is therefore barred from asserting its claims." *Id.* at 9.

Plaintiff argues in its Reply that the Second Affirmative Defense is impermissibly "vague" because it "fails to give notice how" the contract terms Defendants identified in the Second Affirmative Defense "bar the Amended Complaint's contract claims[.]" ECF No. [133] at 2. For this reason, Plaintiff argues that this defense is prejudicial and should be stricken. *See id.*

As it relates to the Second Affirmative Defense, Plaintiff repeats two already addressed arguments. First, Plaintiff incorrectly argues that the Second Affirmative Defense is nothing more than a specific denial. To the contrary, the undersigned finds that the Second Affirmative Defense asserts that Defendants can avoid liability for the counts raised in the Amended Complaint due to the Agreement's terms. Thus, the Second Affirmative Defense is an affirmative defense and not

a denial, and even if it was a specific denial, the proper remedy would not be to strike it. *See Rubinstein*, 2019 WL 2475179, at *6; *Tsavaris*, 310 F.R.D. at 682. Second, Defendants need not state to which counts of the Amended Complaint and to which Defendants the Second Affirmative Defense applies because both the counts raised in Amended Complaint and the Second Affirmative Defense arise from the same sequence of events. *See* ECF No. [5] at ¶¶ 7-35; ECF No. [120] at 12; *Adams*, 294 F.R.D. at 672-73.

Plaintiff raises an argument unique to the Second Affirmative Defense when it claims that it is subject to Rule 9(c)'s heightened pleading standards because Defendants premise it on a denial that a condition precedent has occurred. *See* ECF No. [122] at 8. Plaintiff cites *Oriole Gardens Condominium Association I v. Aspen Specialty Insurance Company* to support this position. *See* 2012 WL 864629 at *2. In *Oriole Gardens*, the plaintiff sought to strike one of the defendant's affirmative defenses because it sought to limit the defendant's liability "by the terms and conditions of the policy, including all exclusions, limitations, definitions and deductible provisions contained therein." *Id.* at 2 (citation omitted). The court in *Oriole Gardens* sided with the plaintiff and struck the challenged affirmative defense under Rule 9(c) because it was "so broad as to encompass the entirety of the insurance contract and therefore fail[ed] to give [the plaintiff] fair notice of the defense."

Similarly, here, the Second Affirmative Defense states it is based on six specific articles of the Agreement but also states that it may rely on the Agreement's other articles. *See* ECF No. [120] at 12. The Second Affirmative Defense's disclaimer essentially renders the specific identifications meaningless, thus failing to give Plaintiff fair notice of the defense. *See Oriole Gardens*, 2012 WL 864629 at *2; *see also Certain Interested Underwriters at Lloyd's, London v. AXA Equitable Life Ins. Co.*, No. 10-CV-62061, 2013 WL 3892956, at *4 (S.D. Fla. July 26, 2013)

("[I]t is inappropriate for [the defendant] to place the burden on [the p]laintiffs and on the Court to sift through 'pages' of allegations to determine which [pages the defendant] might have intended to form the basis of each of its defenses.").  Defendants offer no case law to the contrary and instead make the conclusory assertion that the "[S]econd [A]ffirmative [D]efense is not a failure to comply with condition precedent defense, therefore Defendants does not have to meet the burden of stating the defense with particularity."  ECF No. [132] at 9.  However, this threadbare claim is unpersuasive.

For the foregoing reasons, I recommend that the Second Affirmative Defense be stricken without prejudice and Defendants be granted leave to amend this defense.

### C.    <u>Third Affirmative Defense</u>

The Third Affirmative Defense states: "Defendants assert that Ramindesign's claims against Defendants are barred as a result of the doctrine of waiver and estoppel, due to Ramindesign's material breaches of the Agreement and other improper conduct, as further outlined in Mr. Skarzynski's Counterclaims."  ECF No. [120] at 12.

Plaintiff claims that the Third Affirmative Defense does "not confess and avoid" because it is unclear how the asserted doctrines of waiver and estoppel apply to the facts alleged in the Amended Complaint.  ECF No. [122] at 9.  Plaintiff explains that, under existing case law, to "allege an affirmative defense of waiver or estoppel, a party must allege and provide factual support for each of their respective elements."  *Id.* (quoting *Rubinstein*, 2019 WL 2475179, at *6).  Plaintiff argues that Defendants fail to set forth any of the elements of waiver and estoppel in the Third Affirmative Defense and, thus, the Court must strike it.  *See id.*  Finally, like with the Second Amended Answer's other affirmative defenses, Plaintiff argues that the Court should strike the

Third Affirmative Defense because Defendant brings it on behalf of both Defendants, and it applies to all counts of the Amended Complaint. *See id.* at 10.

In their Response, Defendants argue, relying on *Carrero v. Citimortgage, Inc.*, 15-CV-2915, 2016 WL 1464108, at *3 (M.D. Fla. Apr. 14, 2016), that the Third Affirmative Defense is sufficient to give Plaintiff notice of their position that "Plaintiff's claims are barred by the applicable doctrine of waiver and estoppel due to its material breaches of the [Agreement] and other improper conduct." ECF No. [132] at 10.

Plaintiff argues in the Reply that the Court must strike the Third Affirmative Defense because "the defense does not set forth the required elements of waiver and estoppel and is improperly asserted against Plaintiff's quasi contract and equitable claims[.]" ECF No. [133] at 2.

Plaintiff unconvincingly argues for the striking of the Third Affirmative Defense. In support of its argument to strike, Plaintiff cites *Rubinstein*. There, the court applied the heightened pleading standard set forth in *Twombly* and *Iqbal*. However, as already explained, the undersigned concludes that a defendant only needs to allege sufficient detail to put a plaintiff on notice of the defense it is raising.[2] *See* discussion *supra* II.B. Therefore, while Plaintiff correctly states that the allegations in the Third Affirmative Defense are brief, nonetheless, they are sufficient to put Plaintiff on notice of the defense because both waiver and estoppel are well-established affirmative defenses. *See, e.g.*, *Jones v. Kohl's Dep't Stores, Inc.*, 2015 WL 12781195, at *2 (S.D. Fla. Oct.

---

[2] Plaintiff also cites other cases but those fail to convince for the same or similar reasons. *See Pujals ex rel. El Rey De Los Habanos, Inc. v. Garcia*, 777 F. Supp. 2d 1322, 1327 (S.D. Fla. 2011) (applying a heightened pleading standard to affirmative defenses); *Marino*, 2021 WL 9347050, at *2 (striking an affirmative defense because the defense was "not an affirmative defense" *and* because it "offer[ed] no factual support"); *XYZ Corp. v. Individuals, Partnerships & Unincorporated Associations Identified on Schedule "A"*, No. 23-CV-24366, 2024 WL 3673009, at *5 (S.D. Fla. Aug. 6, 2024) (relying on a case that imposed a heightened pleading standard to affirmative defense to support striking the plaintiff's affirmative defenses of "Waiver, Acquiescence, Estoppel, Ratification, Laches and/or Unclean Hands").

16, 2015) ("Those affirmative defenses which lack factual particularity are sufficient — boilerplate but well-recognized as valid defenses are considered sufficiently stated." (citations omitted)); *Guarantee Ins. Co. v. Brand Mgmt. Serv., Inc.*, No. 12-CV-61670, 2013 WL 4496510, at *5 (S.D. Fla. Aug. 22, 2013) (denying a motion to strike affirmative defenses of estoppel, waiver, laches, and unclean hands even though they contained no factual support and were alleged in general terms).

Finally, contrary to Plaintiff's assertions, Defendants need not state to which counts of the Amended Complaint and to which Defendants the Third Affirmative Defense applies because both the counts raised in Amended Complaint and the Third Affirmative Defense arise from the same sequence of events. *See* ECF No. [5] at ¶¶ 7-35; ECF No. [120] at 12; *Adams*, 294 F.R.D. at 672-73.

For the foregoing reasons, I recommend that Plaintiff's request to strike the Third Affirmative Defense be denied.

### D.    <u>Fourth and Fifth Affirmatives Defense</u>

The Fourth Affirmative Defense states: "Defendants assert that Ramindesign's claims against Defendants are barred in whole or in part because Ramindesign failed to mitigate its damages, including, without limitation, by Ramindesign's failure to comply with the terms of the Agreement and other improper conduct, as further outlined in Mr. Skarzynski's Counterclaims." ECF No. [120] at 12.  And the Answer's Fifth Affirmative Defense states: "Defendants assert that Ramindesign's claims are barred due to Ramindesign's failure to mitigate its damages pursuant to the doctrine of avoidable consequences. *See Sys. Components Corp. v. Florida Dept. of Transp.*, 14 So. 3d 967, 982 (Fla. 2009)."  ECF No. [120] at 12.  As the Parties' arguments concerning the Fourth and Fifth Affirmative Defenses have significant overlap, they are addressed together.

Plaintiff argues that Defendants' Fourth and Fifth Affirmative Defense fail because it is unclear how the mitigation of damages applies to the facts alleged in the Amended Complaint and because it does not describe how Plaintiff failed to mitigate its damages. *See* ECF No. [122] at 12. Additionally, Plaintiff argues that the Court should strike the Fourth and Fifth Affirmative Defenses because Defendants failed to carry their burden and identify the relevant facts supporting the defense. *See id.* Lastly, Plaintiff argues that by "direct[ing] Plaintiff and the Court to 'Mr. Skarzynski's Counterclaims' where the facts are 'further outlined,'" the Fourth Affirmative Defense improperly places the burden on Plaintiff "to identify the facts relevant to the" Fourth Affirmative Defense. *Id.*

Defendants argue that the Court should not strike the Fourth and Fifth Affirmative Defenses because they are properly pled and place Plaintiff on notice of Defendants' assertion "that Plaintiff's failure to comply with the terms of the Agreement bars Plaintiff's claims." ECF No. [132] at 10. Defendants further argue that they need not list additional facts because, at this stage of the pleadings, the Court must accept the factual allegation in the Second Amended Answer as true. *See id.* at 11.

Plaintiff argues in the Reply that the Fifth Affirmative Defense's allegation that "Plaintiff breached its contract with [Defendant] [J. Skarzynski] which is a failure to mitigate its damages" is non-sequitur; however, Plaintiff does little to explain its position. ECF is No. [133] at 3. Plaintiff then proceeds to argue that the Fourth and Fifth Affirmative Defense are duplicative of one another and fail to give it fair notice of the defense Defendants are raising. *See id.*

Plaintiff's argument to strike the Fourth and Fifth Affirmative Defense fails for four reasons. First, the Eleventh Circuit has held that "failure to mitigate damages is an affirmative defense under Rule 8(c)." *Frederick v. Kirby Tankships, Inc.*, 205 F.3d 1277, 1287 (11th Cir.

2000).  In light of that holding, Defendants have satisfied the lower pleading standard applied to affirmative defenses and have alleged sufficient allegations for the Fourth and Fifth Defenses to survive a motion to strike because mitigation of damages is a well-established affirmative defense. *See Jones*, 2015 WL 12781195, at *2; *Bynum*, 2024 WL 229545, at *2.  Second, because the Complaint and the Fourth and Fifth Affirmative Defenses arise from the same sequence of events, Defendants need not state to which counts of the Amended Complaint and to which Defendants these defenses apply.  *See* ECF No. [5] at ¶¶ 7-35; ECF No. [120] at 12; *Adams*, 294 F.R.D. at 672-73.  Third, Defendants' claim that the Court should strike the Fourth Affirmative Defense because it "directs Plaintiff and the Court to 'Mr. Skarzynski's Counterclaims'" is unconvincing as the cases Plaintiff relied upon in making this claim rested their findings on the application of a heightened pleading standard to affirmative defenses.  See *Certain Interested Underwriters at Lloyd's, London v. AXA Equitable Life Ins. Co.*, No. 10-CV-62061, 2013 WL 3892956, at *4 (S.D. Fla. July 26, 2013); *Rubinstein*, 2019 WL 295942 at *6.

Finally, Defendants' argument that the Court should strike the Fourth and Fifth Affirmative Defenses because they are duplicative is also unpersuasive.  The Fourth Affirmative Defense claims that Plaintiff failed to mitigate its damages by failing "*to comply with the terms of the Agreement*[.]"  ECF No. [120] at 12 (emphasis added).  The Fifth Affirmative Defense, on the other hand, argues that Plaintiff failed to "mitigate its damages *pursuant to the doctrine of avoidable consequences*."  *Id.* at 12 (emphasis added; citation omitted).  Thus, the Fourth and Fifth Affirmative Defenses' "failure to mitigate damages" arguments are premised on different defense theories, and are, therefore, not duplicative of one another.

For the foregoing reasons, I recommend that Plaintiff's request to strike the Fourth and Fifth Affirmative Defenses be denied.

E.      **Sixth Affirmative Defense**

The Sixth Affirmative Defense states: "Defendants assert that Ramindesign is barred from any recovery against Defendants where Ramindesign has unclean hands as a result of its material breaches of the Agreement and other improper conduct, as further outlined in Mr. Skarzynski's Counterclaims." ECF No. [120] at 13.

Plaintiff claims that Defendants raise an unclean hands affirmative defense in the Sixth Affirmative Defense but fail to carry their burden in alleging relevant facts to support such a defense. *See* ECF No. [122] at 12. Furthermore, Plaintiff asserts that this failure alone provides the Court with sufficient grounds to strike the Sixth Affirmative Defense. *See id.* Defendants oppose Plaintiff's position, claiming that their allegation "that the unclean hands result from Plaintiff's material breaches of the Agreement and improper conduct" is sufficient to provide Plaintiff with notice of the defense and, thus, the Court should not strike their Sixth Affirmative Defense. ECF No. [132] at 12. In the Reply, Plaintiff reasserts its position that Defendants' allegations in the Sixth Affirmative Defense are too insubstantial to invoke the unclean hands doctrine and that this defense fails to allege facts establishing an unclean hands affirmative defense. *See* ECF No. [133] at 4-6.

The affirmative defense of unclean hands is well established, and with such being the case, Defendants need not provide detailed allegations to raise such a defense and to put Plaintiff on notice. *See Guarantee Ins. Co.*, 2013 WL 4496510, at *5. Here, the Sixth Affirmative Defense contains sufficient allegations to satisfy the lower pleading standard applied to affirmative defenses and to place Plaintiff on notice of the defense Defendants are raising. *See Jones*, 2015 WL 12781195, at *2; *Bynum*, 2024 WL 229545, at *2. Moreover, "it is not appropriate for the Court to consider the merits of any affirmative defense [on a motion to strike] because the Court

accepts all well-pled facts as true and only evaluates the legal sufficiency of an affirmative defense." *Wyndham Vacation Ownership, Inc. v. Montgomery Law Firm, LLC*, 2020 WL 2128498, at *4 n.2 (M.D. Fla. May 5, 2020). Even if the Court were permitted to consider the merits of the Sixth Affirmative Defense, Plaintiff fails to account for the allegations raised in Defendants' counterclaims, which contain pages of additional allegations, providing Plaintiff with the substance it seeks. *See* ECF No. [120] at 16-49; ECF No. [133] at 4-6.

Finally, because the Complaint and the Sixth Affirmative Defense arise from the same sequence of events, Defendants need not state to which counts of the Amended Complaint and to which Defendants this defense applies. *See* ECF No. [5] at ¶¶ 7-35; ECF No. [71] at 12; *Adams*, 294 F.R.D. at 672-73.

For the foregoing reasons, I recommend that Plaintiff's request to strike the Sixth Affirmative Defense be denied.

## F.     Seventh and Eighth Affirmative Defense

The Seventh Affirmative Defense states: "Defendants assert that Ramindesign's claims are barred, in whole or in part, because Ramindesign has not sustained any compensable damages or losses." ECF No. [120] at 13. And the Eighth Affirmative Defense states as follows: "Defendants assert that Defendants at all times acted reasonably and properly, and Mr. Skarzynski fully complied with his duties and obligations to Ramindesign under the Agreement." *Id.* Because the Seventh and Eighth Affirmative Defenses suffer from the same issue, they are addressed together.

Plaintiff argues that the Court should strike the Seventh and Eighth Affirmative Defenses because they are nothing more than specific denials. *See* ECF No. [122] at 13-14. In their Response, Defendants do little to address Plaintiff's characterization of the Seventh and Eighth Affirmative Defenses; instead, they argue generally that these defenses are sufficient as pled under

the relaxed pleading standard applied to affirmative defenses.  *See* ECF No. [132] at 8-9, 10-11.

In the Reply, Plaintiff repeats its position that the Seventh and Eighth Affirmative Defenses are

nothing more than specific denials and, therefore, should be stricken.  *See* ECF No. [133] at 6.

Plaintiff correctly characterizes the Seventh and Eighth Affirmative Defenses as specific

denials.  However, as already explained, when "a defendant mislabels a denial as an affirmative

defense, the proper remedy is not to strike the claim, but rather to treat it as a specific denial."

*E.g.*, *Grovenor House, L.L.C. v. E.I. Du Pont De Nemours And Co.*, No. 09-CV-21698, 2010 WL

3212066, at *3 (S.D. Fla. Aug. 12, 2010).  Accordingly, rather than strike the Seventh and Eighth

Affirmative Defenses, the Court should treat them as specific denials.

For the foregoing reasons, I recommend that Plaintiff's request to strike the Seventh and

Eighth Affirmative Defenses be denied.

## I.     <u>Ninth Affirmative Defense</u>

The Ninth Affirmative Defense states:

> Defendants assert that, if Ramindesign sustained any damages, which it has not,
> Defendants are entitled to a recoupment and/or set-off and/or apportionment for
> any damages Ramindesign has caused Defendants as a result of its material
> breaches of the Agreement including, without limitation: (i) submitting payment
> requisition(s) to Mr. Skarzynski during the course of construction, for work that
> Ramindesign had not performed; (ii) submitting a payment requisition #13 to Mr.
> Skarzynski, which was not in accord with the Agreement and contained materially
> inaccurate information regarding progress and costs of Ramindesign for the
> construction of the Home; (iii) failing to timely and fully provide supporting
> documentation for Ramindesign's costs; (iv) failure to timely and properly pay
> subcontractors for work performed, resulting in claims and Claims of Lien against
> the Project; (v) upon information and belief, misappropriating and/or misapplying
> construction funds paid by Mr. Skarzynski to Ramindesign for work performed on
> the Project; (vi) upon information and belief, performing defective and/or deficient
> work; and (vii[]) upon information and belief, intentionally interfering with Mr.
> Skarzynski's ability to take assignment of subcontractors to complete the Project
> following Mr. Skarzynski's termination of Ramindesign for cause under the
> Agreement.

ECF No. [120] at 13-14.

Plaintiff argues that the Court must strike the Ninth Affirmative Defense because it "improperly combines the remedies of recoupment and setoff, fails to identify the claims to which the defense applies, improperly seeks setoff which is not available as a matter of law, and seeks blanket application of the combined defense to all claims on behalf of all Defendants irrespective of the applicability of the defense to the various claims and Defendants."  ECF No. [122] at 16.

In their Response, Defendants claim that the Ninth Affirmative Defense "does not improperly combine set-off and recoupment but rather brings the defenses in the alternative, using the terms 'and/or.'"  ECF No. [132] at 12.  Defendants then clarify that the Ninth Affirmative Defense is brought on behalf of Defendant J. Skarzynski by arguing that this defense "properly states with particularity all the instances of the material breaches of the Agreement by Plaintiff which would lead to recoupment for any damages Plaintiff has caused Mr. Skarzynski."  *Id.*

In the Reply, Plaintiff concedes that "recoupment appears sufficiently averred for Counts I and II as they allege contractual breaches against Mr. Skarzynsk but not as to Plaintiff's implied at law/implied in fact and equitable claims in Counts III, IV and V as they are noncontractual."  ECF No. [133] at 7.  Notwithstanding this concession, Plaintiff argues that "setoff is unavailable as a defense as the conduct at issue arose from the same transaction."  *Id.* at 7-8.

Plaintiff's argument for striking the Ninth Affirmative Defense is unconvincing for several reasons.  For starters, the Ninth Affirmative Defense's "improper[]" comingling  "of recoupment and setoff" is not a basis on which to strike the defense.  As the Court found in *GF Machining Solutions S.A. De C.V. v. Circuitronix, LLC* — a case cited by Plaintiff, combining the defenses of setoff and recoupment is not a sufficient basis to strike a defense.  No. 23-CV-60970, 2023 WL 8476407, at *2 (S.D. Fla. Oct. 16, 2023) ("Defendant argues that setoff and recoupment are frequently joined as a single affirmative defense and there is nothing defective or illegal about

asserting these defenses in such a manner. The Court agrees with Defendant and will not strike the affirmative defense on the grounds that it combines setoff and recoupment." (quotation omitted)).

As to Plaintiff's argument that the Court should strike the Ninth Affirmative Defense because it "fails to identify the claims to which the defense applies[,]" *see* ECF No. [122] at 16, as already discussed, Defendants need not state to which counts of the Amended Complaint and to which Defendants the Ninth Affirmative Defense applies because both the Amended Complaint's counts and the Ninth Affirmative Defense arise from the same sequence of events. *See* ECF No. [5] at ¶¶ 7-35; ECF No. [120] at 12; *Adams*, 294 F.R.D. at 672-73.

Finally, Plaintiff's argument that the Court should strike the Ninth Affirmative Defense because it "seeks blanket application of the combined defense to all claims on behalf of all Defendants irrespective of the applicability of the defense to the various claims and Defendants" is unconvincing in light of the Response's clarification that Defendants bring this defense on behalf of Defendant J. Skarzynski.  ECF No. [122] at 16; *see* ECF No. [132] at 12.  Even without the Response's clarification, this argument standing alone is insufficient to warrant the "drastic remedy" of striking the defense, as Plaintiff offers no legal support to substantiate its assertion. *Circuitronix, LLC*, 2023 WL 8476407, at *2; *see* ECF No. [122] at 15-16; ECF No. [133] at 6-8.

The Court also generally notes that Plaintiff's arguments for the striking of this defense are more appropriate for a motion to dismiss or motion for summary judgment, not a motion to strike an affirmative defense, as they urge the Court to weigh the merits of the defense.  Indeed, every case Plaintiff cites in support of its argument — except for *Circuitronix, LLC* — decided either a motion to dismiss or a motion for summary judgment.[3]  As previously stated, "it is not appropriate

---

[3] *See United States v. Keystone Sanitation Co.*, 867 F. Supp. 275, 279 (M.D. Pa. 1994) (deciding a motion to dismiss); *Checkers Drive-In Restaurants, Inc. v. Tampa Checkmate Food Servs., Inc.*, 858 So. 2d 1080, 1081 (Fla. 2d DCA 2003) (affirming the trial court's decision to grant summary judgment); *Bank of Am.,*

for the Court to consider the merits of any affirmative defense [on a motion to strike] because the Court accepts all well-pled facts as true and only evaluates the legal sufficiency of an affirmative defense." *Wyndham Vacation Ownership, Inc, LLC*, 2020 WL 2128498, at *4 n.2.

For the foregoing reasons, I recommend that Plaintiff's request to strike the Ninth Affirmative Defense be denied.

### J.    <u>Tenth Affirmative Defense</u>

Defendants' Tenth Affirmative Defense states: "Defendants assert that Ramindesign's claims for unjust enrichment and quantum meruit are barred because a valid and enforceable Agreement governs the subject matter of those claims. *Sea Byte, Inc. v. Hudson Marine Mgmt. Servs., Inc.*, 565 F.3d 1293, 1301 (11th Cir. 2009) (applying Florida law)." ECF No. [120] at 14.

Plaintiff argues that the Court should strike the Tenth Affirmative Defense because "both Defendants assert" it. ECF No. [122] at 17. According to Plaintiff, "[t]he defense presupposes that both Defendants are parties to an express agreement with Plaintiff" but that "the Amended Complaint does not allege any written contract or oral agreement between Plaintiff and Defendant Olga Skarzynski." *Id.* Plaintiff supports this position by citing *PWS Environmental Inc. v. Borghese at Hammock Bay Condominium Association, Inc.*, No. 18-CV-109, 2019 WL 1473125 (M.D. Fla. Jan. 17, 2019), which found that "Florida law precludes unjust enrichment claims when there is an express contract between the parties to the lawsuit, not when there is an express contract between different parties covering the subject matter of the dispute." *Id.* at *4 (citation omitted).

---

*N.A. v. Blue Cap. US E. Coast Properties, L.P.*, No. 05-CV-23319, 2006 WL 8433485, at *1 (S.D. Fla. May 2, 2006) (deciding a motion to dismiss and motion to strike claims for attorney's fees); *Burton v. GOV Contracting Corp.*, 552 So. 2d 293, 298 (Fla. 2d DCA 1989) (reversing the trial court's decision to grant summary judgment); *Richmond Manor Apts., Inc. v. Certain Underwriters at Lloyd's London*, No. 09-CV-60796, 2011 WL 13175618, at *1 (S.D. Fla. Feb. 28, 2011) (deciding a motion to dismiss counterclaims); *Kellogg v. Fowler, White, Burnett, Hurley, Banick & Strickroot, P.A.*, 807 So. 2d 669, 673 (Fla. 4th DCA 2001) (reversing the trial court's decision to grant summary judgment).

Defendants argue, in response, that *PWS Environmental Inc.* is distinguishable from the instant case because Plaintiff has an express contract with Defendant J. Skarzynski.  ECF No. [133] at 13.  Defendants explain that "[u]nder Florida Law, 'a plaintiff cannot pursue an equitable theory such us unjust enrichment or quantum meruit, to prove entitlement to relief if an express contract exists.'"  *Id.* (quoting *Body Details LLC v. Dominion Aesthetic Techs., Inc.*, No. 23-CV-80926, 2024 WL 1420936, at *2 (S.D. Fla. Feb. 14, 2024)).  Defendants continue, explaining that "[u]njust enrichment may only be pleaded in the alternative where one of the parties asserts that the contract governing the dispute is invalid" but that "[n]o party contests the existence of the contract governing the dispute."  *Id.* (citations omitted).  Based on this reasoning, Defendants assert that they properly pled the Tenth Affirmative Defense.  *See id.*

In the Reply, Plaintiff asserts that Defendants failed to distinguish this case from *PWS Environmental Inc.* because its "holding applies irrespective of whether the court found an express contract there."  ECF No. [133] at 8.  For further support, Plaintiff cites *Wang v. Revere Capital Management, LLC*, No. 22-CV-80884, 2023 WL 2198570 (S.D. Fla. Feb. 15, 2023).  *See* ECF No. [133] at 8.

Plaintiff's argument for striking the Tenth Affirmative Defense impermissibly asks the Court to weigh the merits of the defense.  *See Diamond Resorts U.S. Collection Dev., LLC v. Miller*, No. 20-CV-1668, 2022 WL 452480, at *5 (M.D. Fla. Jan. 11, 2022) ("Motions to strike are appropriate where an affirmative defense is legally insufficient on its face; a Court will not analyze whether a defense should fail on the merits in the motion-to-strike context." (alteration adopted; quotations omitted)) (subsequent history omitted); *see also Molina v. SMI Sec. Mgmt., Inc.*, No. 11-CV-24245, 2013 WL 12092070, at *6 (S.D. Fla. Mar. 22, 2013) ("Motions to strike

should not be used to obtain a summary adjudication on the merits; the Federal Rules provide other mechanisms for achieving such ends." (quotation omitted)).

Still, even if Plaintiff's arguments did not seek unavailable relief at this procedural stage of the case, its argument fails to cite persuasive legal authority. Both *PWS Environmental Inc.* and *Wang* decided case-dispositive motions. Here, a motion to strike is at issue. *See PWS Environmental Inc.*, 2019 WL 1473125 at *3-4 (ruling on a motion for judgment on the pleadings); *Wang*, 2023 WL 2198570 at *10 (ruling on a motion to dismiss). While the findings of law in those cases may be correct, it is unclear how their findings apply in the context of a motion to strike, nor do the Parties explain why they should.

For the foregoing reasons, I recommend that Plaintiff's request to strike the Tenth Affirmative Defense be denied.

## K.   **Eleventh Affirmative Defense**

Defendants' Eleventh Affirmative Defense states:

> Defendants assert that Ramindesign's breach of contract claim is barred because Ramindesign breached the implied covenant of good faith and fair dealing by, without limitation: (i) submitting payment requisition(s) to Mr. Skarzynski during the course of construction, for work that Ramindesign had not performed; (ii) submitting a payment requisition #13 to Mr. Skarzynski, which was not in accord with the Agreement and contained materially inaccurate information regarding progress and costs of Ramindesign for the construction of the Home; (iii) failing to timely and fully provide supporting documentation for Ramindesign's costs; (iv) failure to timely and properly pay subcontractors for work performed, resulting in claims and Claims of Lien against the Project; (v) upon information and belief, misappropriating and/or misapplying construction funds paid by Mr. Skarzynski to Ramindesign for work performed on the Project; (vi) upon information and belief, performing defective and/or deficient work; and (vii[]) upon information and belief, intentionally interfering with Mr. Skarzynski's ability to take assignment of subcontractors to complete the Project following Mr. Skarzynski's termination of Ramindesign for cause under the Agreement.

ECF No. [120] at 14.

Plaintiff maintains that federal district courts in Florida consistently reject implied good-faith and fair-dealing claims when they present allegations indistinguishable from their breach of contract allegations.  ECF No. [122] at 18.  Plaintiff argues that "the Eleventh Affirmative Defense repeats the breach of contract allegations of Defendants' First Affirmative Defense and Defendant J[. Skarzynski]'s Second Amended Counterclaim" and as a result, the Eleventh Affirmative Defense is legally insufficient, and the Court should strike it.  *Id.*

Defendants state that "Plaintiff cites to cases where dismissal of the breach of duty of good-faith and fair dealing claim was appropriate because it was indistinguishable from the breach of contract claim."  ECF No. [132] at 14.  Defendants claim that the cases Plaintiff cites are inapplicable to the instant matter because "Plaintiff is suing for breach of contract and the Defendants, as a defense to that claim, are asserting that Plaintiff breached the implied covenant of good faith and fair dealing, which is a proper defense under Florida law and precludes Plaintiff's recovery of damages pursuant to its breach of contract claim."  *Id.*

In the Reply, Plaintiff reiterates its position that the Eleventh Affirmative Defense fails on the merits and the Court should strike it on that ground alone.  *See* ECF No. [133] at 8-9.

The majority of cases on which Plaintiff relies in the Motion discuss the sufficiency of an implied covenant of good-faith and fair-dealing claim on a motion to dismiss or motion for summary judgment standard.  *See generally JPMorgan Chase Bank v. Synergy Pharmacy Servs., Inc.*, No. 18-CV-1253, 2021 WL 2351179 (M.D. Fla. June 9, 2021); *Enola Contracting Servs., Inc. v. URS Grp., Inc.*, No. 08-CV-2, 2008 WL 1844612 (N.D. Fla. Apr. 23, 2008); *Saxon Fin. Grp., Inc. v. Rath*, No. 11-CV-80646, 2012 WL 3278662 (S.D. Fla. Aug. 9, 2012);[4] *Shibata v. Lim*,

---

[4] *Saxon Financial* also involves a motion to strike, but in that case, the Court was ruling on whether to strike a claim of unjust enrichment — a defense entirely different from the Eleventh Affirmative Defense; thus, it is unclear what bearing, if any, the Court's ruling in *Saxon Financial* has on the defense at issue here.  *See Saxon Fin. Grp., Inc.*, 2012 WL 3278662, at *8.

133 F. Supp. 2d 1311 (M.D. Fla. 2000); *Trief v. Am. Gen. Life Ins. Co.*, 444 F. Supp. 2d 1268 (S.D. Fla. 2006); *Melbourne Med. Lab'y, Inc. v. Lab Corp. of Am.*, 722 So. 2d 962 (Fla. 5th DCA 1998*); White Const. Co. v. Martin Marietta Materials, Inc.*, 633 F. Supp. 2d 1302 (M.D. Fla. 2009). Plaintiff's reliance on these cases makes clear that Plaintiff is again attempting to argue the merits of the Eleventh Affirmative Defense, and, as already discussed, "in ruling upon a motion to strike it is not appropriate for the Court to consider the merits of any affirmative defense because the Court accepts all well-pled facts as true and only evaluates the legal sufficiency of affirmative defenses." *Smith v. Wal-Mart Stores, Inc.*, No. 11-CV-226, 2012 WL 2377840, at *3 (N.D. Fla. June 25, 2012).

For the foregoing reasons, I recommend that Plaintiff's request to strike the Eleventh Affirmative Defense be denied.

### L.   <u>Twelfth Affirmative Defense</u>

The Twelfth Affirmative Defense states as follows: "Defendants assert that Ramindesign's claims against Mrs. Skarzynski are barred because: (i) there is no statutory lien foreclosure claim by Ramindesign in the Amended Complaint; and (ii) there is no legal basis for personal liability of Mrs. Skarzynski arising from the Agreement since she is not a party to the Agreement. *Moore v. Leisure Pool Service*, 412 So. 2d 392, 393 (Fla. 5th DCA 1982); Fla. Stat. § 713.12; *Mullne v. Sea-Tech Construction, Inc.*, 84 So. 3d 1247 (Fla. 4th DCA 2012)." ECF No. [120] at 15.

Plaintiff argues that the Court should strike the Twelfth Affirmative Defense because it "raises no facts" and is nothing more than a denial of liability as to Defendant O. Skarzynski. *See* ECF No. [122] at 19. Furthermore, Plaintiff argues that the Twelfth Affirmative Defense is facially invalid because the cases Defendants cite have no bearing on the legal claims brought in this case. *See id.* Defendants, in response, argue that the Twelfth Affirmative Defense provides sufficient

allegations to alert Plaintiff to the defense being raised. *See* ECF No. [132] at 8-9. Defendants explain that the Twelfth Affirmative Defense establishes that "Plaintiff's equity-based claims (Counts III, IV, and V) against [Defendant O. Skarzynski] are invalid and unenforceable." *Id.* at 9. And for that reason, Defendants argue that Plaintiff's request to strike the Twelfth Affirmative Defense should be denied. *See id.* at 8. Plaintiff's Reply, in turn, argues that the Twelfth Affirmative Defense is nothing more than a denial of liability and, therefore, the Court should strike it. *See* ECF No. [133] at 10.

Defendant's Twelfth Affirmative Defense is sufficient as pled because it provides Plaintiff with sufficient factual detail to satisfy the relaxed pleading standard applied to affirmative defenses and gives Plaintiff notice of Defendants' defense. Additionally, Plaintiff's argument that the Twelfth Affirmative Defense is a specific denial is incorrect. Here, to either eliminate or limit Defendant O. Skarzynski's liability, Defendants assert that Plaintiff's claims against her are barred because there is no statutory lien foreclosure claim and because Defendant O. Skarzynski was not party to the Agreement; thus, the Defense is, in fact, an affirmative defense and not a specific denial as Plaintiff claims. *See* ECF No. [120] at 15; *see also Wright*, 187 F.3d at 1303 ("An affirmative defense is generally a defense that, if established, requires judgment for the defendant even if the plaintiff can prove his case by a preponderance of the evidence."). And even if the Twelfth Affirmative Defense were a denial instead of a defense, the Court still would not strike it because the proper remedy would be to treat the mislabeled affirmative defense as a specific denial. *See Tsavaris*, 310 F.R.D. at 682.

For the foregoing reasons, I recommend that Plaintiff's request to strike the Twelfth Affirmative Defense is denied.

### M.      **Fourteenth Affirmative Defense**

Finally, the Fourteenth Affirmative Defense states as follows:

> Defendants assert that Ramindesign's claims are barred, in whole or in part, because pursuant to Section 6.4 of the Agreement, the extent of changes in the work claimed by Ramindesign are such that, in the aggregate, the application of the adjustment provisions of Article 5 of the Agreement will cause substantial inequity to Mr. Skarzynski. Specifically, based on Ramindesign's submission of (i) materially inaccurate and exaggerated payment requisitions #12 and #13; (ii) improper, unauthorized, and/or unapproved change orders; and (iii) improper, unauthorized, and excessive fees; and failure to comply with the Guaranteed Maximum Price terms of the Agreement and timely and fully provide supporting documentation for the costs claimed, it would be substantially inequitable to Mr. Skarzynski for the adjustment provisions of Article 5 of the Agreement to apply on such excessive construction costs.

ECF No. [120] at 15-16.

Plaintiff argues that the Court should strike the Fourteenth Affirmative Defense because Defendants assert it on behalf of both Defendants, but the defense is premised in substantial part on the Agreement to which only Plaintiff and Defendant J. Skarzynski were parties. *See* ECF No. [122] at 19-20. Additionally, Plaintiff claims that the Fourteenth Affirmative Defense is defective because it does not indicate the Counts of the Amended Complaint to which it applies. *See id.* at 20. Finally, Plaintiff claims that the Court must strike the Fourteenth Affirmative Defense because it is a denial of liability. *See id.* Defendants assert that the Fourteenth Affirmative Defense is sufficient as pled because it identifies the specific provisions of the Agreement it relies upon, thus giving Plaintiff sufficient notice of Defendant's defense. *See* ECF No. [132] at 9. In their Reply, Plaintiff repeats its argument that the Court should strike the Fourteenth Affirmative Defense because it fails to identify the Defendants and counts of the Amended Complaint to which it applies. *See* ECF No. [133] at 10.

Plaintiff's argument for striking the Fourteenth Affirmative Defense is unpersuasive. As stated at several other points in this Report, Defendants need not state to which counts of the

Amended Complaint and to which Defendants the Fourteenth Affirmative Defense applies because both the counts raised in Amended Complaint and the Fourteenth Affirmative Defense arise from the same sequence of events.  *See* ECF No. [5] at ¶¶ 7-35; ECF No. [120] at 12; *Adams*, 294 F.R.D. at 672-73.  And, contrary to Plaintiff's argument, the Fourteenth Affirmative Defense is not a mere denial of liability, but instead presents an affirmative defense to Plaintiff's claims.

For the foregoing reasons, I recommend that Plaintiff's request to strike the Fourteenth Affirmative Defense be denied.

## IV.    CONCLUSION

For the foregoing reasons, I respectfully **RECOMMEND** that:

1. Plaintiff Ramindesign, LLC's Motion to Strike Defendants Jacek and Olga Skarzynski's Affirmative Defenses, **ECF No. [122]**, be **DENIED in part** and **GRANTED in part**;

2. Plaintiff's request to strike the Second Amended Answer's First, Third, Fourth, Fifth, Sixth, Seventh, Eighth, Ninth, Tenth, Eleventh, Twelfth, and Fourteenth Affirmative Defenses be **DENIED**;

3. The Second Amended Answer's Seventh and Eighth Affirmative Defenses be treated as specific denials; and

4. Plaintiff's request to strike the Second Amended Answer's Second Affirmative Defense be **GRANTED**.  Should the Honorable Joan A. Lenard adopt this recommendation, I further recommend that the Second Affirmative Defense be **STRICKEN WITHOUT PREJUDICE** and Defendants be given **14 days** from the date of the Court's Order to amend this defense.

CASE NO. 23-CV-24838-LENARD/Elfenbein

Pursuant to Local Magistrate Rule 4(b), the parties have fourteen (14) days from the date of being served with a copy of this Report and Recommendation within which to file written objections, if any, with the Honorable Joan A. Lenard, United States District Judge.  Failure to timely file objections shall bar the parties from a *de novo* determination by the District Judge of an issue covered in the Report and shall bar the parties from attacking on appeal unobjected-to factual and legal conclusions contained in this Report except upon grounds of plain error if necessary in the interest of justice.  *See* 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140, 149 (1985); *Henley v. Johnson*, 885 F.2d 790, 794 (11th Cir. 1989); 11th Cir. R. 3-1.

**DONE and ORDERED** in Chambers in Miami, Florida on January 22, 2025.

_____
**MARTY FULGUEIRA ELFENBEIN**
**UNITED STATES MAGISTRATE JUDGE**

cc:  All Counsel of Record