**UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF FLORIDA**

CASE NO.: 1:23-cv-24838-JAL

RAMINDESIGN, LLC, a Florida
limited liability company,

Plaintiff,

v.

JACEK SKARZYNSKI and
OLGA SKARZYNSKI,

Defendants.
_______________________________________/

JACEK SKARZYNSKI,

Counter-Plaintiff,

v.

RAMINDESIGN, LLC, a Florida
limited liability company, and
RAMINDESIGN+DEVELOPMENT, LLC, a Florida
limited liability company,

Counter-Defendants.
__________________________________________/

**FOURTH AMENDED ANSWER, AFFIRMATIVE DEFENSES, AND COUNTERCLAIMS IN RESPONSE TO THE AMENDED COMPLAINT**

Defendants Jacek Skarzynski ("Mr. Skarzynski") and Olga Skarzynski ("Mrs. Skarzynski"), by and through their undersigned counsel, Peckar & Abramson, P.C., and pursuant to the Federal Rules of Civil Procedure and this Court's Order dated September 11, 2026 (D.E. 294), hereby file their Fourth Amended Answer and Affirmative Defenses to Plaintiff, Ramindesign, LLC's ("Ramindesign") Amended Complaint (D.E. 5) and state as follows:

**NATURE OF ACTION**

1. Neither admit nor deny the allegations of Paragraph 1 as said paragraph contains only a characterization of the complaint to which no response is required. To the extent that a

response to this paragraph is required, Defendants deny the allegations of Paragraph 1, except aver that Mr. Skarzynski, as a property owner, entered into a contract with Ramindesign, as a contractor, by which Ramindesign agreed to design and construct a house for Mr. Skarzynski.

**PARTIES**

2. Upon information and belief, Defendants admit the allegations of Paragraph 2, for jurisdictional purposes only.

3. Defendants admit the allegations of Paragraph 3.

4. Defendants admit the allegations of Paragraph 4.

**JURISDICTION AND VENUE**

5. Neither admit nor deny the allegations contained in Paragraph 5 as said paragraph contains only legal conclusions to which no response is required.

6. Defendants state that the agreement referenced in Paragraph 6 speaks for itself and refer this Court to the document for its content. The remaining allegations contained in Paragraph 6 state legal conclusions to which no response is required.

**COMMON ALLEGATIONS**

7. Defendants are without sufficient knowledge to admit or deny the allegations in Paragraph 7; therefore, such allegations are denied, except admit that Ramindesign is a contractor that claims to specialize in constructing luxury houses in the State of Florida.

8. Defendants admit the allegations of Paragraph 8, except deny that they purchased the Property as an investment.

9. Defendants deny the allegations of Paragraph 9, except admit that Mr. Skarzynski was introduced to Ramin Aleyasin ("Mr. Aleyasin") and his company Ramindesign, LLC ("Ramindesign") in early 2021 and that Mr. Skarzynski and Mr. Aleyasin discussed and agreed

that Ramindesign would design and construct a single-family residence (the "Home") on the Property with similarities to the house Ramindesign constructed at 10 West San Marco drive, Miami Beach, Florida.

10. Defendants deny the allegations of Paragraph 10, except admit that Mr. Skarzynski and Ramindesign entered into the agreement filed as Docket Entry 6 ("the Agreement"), pursuant to which Ramindesign was to design and construct the Home on the Property. Defendants further state that the Agreement speaks for itself and refer this Court to the document for its content.

11. Defendants deny the allegations of Paragraph 11 and state that the Agreement speaks for itself and refer this Court to the document for its content, except admit the accuracy of the milestone dates alleged.

12. Defendants deny the allegations of Paragraph 12 and state that the Agreement speaks for itself and refer this Court to the document for its content, except admit that the Agreement provides for a Guaranteed Maximum Price of $6,500,000.00 and that paragraph 12 of the amended complaint contains accurate quotations of excerpts of the Agreement.

13. Defendants respond to the allegations in Paragraph 13 by stating that the Agreement speaks for itself and refer this Court to the document for its content. To the extent the allegations in Paragraph 13 are in any way inconsistent with the Agreement, Defendants deny the allegations in Paragraph 13. In addition, Defendants dispute Ramindesign's interpretation of the Agreement as set forth in Paragraph 13.

14. Defendants respond to the allegations in Paragraph 14 by stating that the Agreement speaks for itself and refer this Court to the document for its content. To the extent the allegations in Paragraph 14 are in any way inconsistent with the Agreement, Defendants deny the allegations in Paragraph 14. In addition, Defendants dispute Ramindesign's interpretation of the Agreement

as set forth in Paragraph 14. Defendants aver that Article 5.1 of the Agreement states, in pertinent part, "The Contract Sum is the Cost of the Work as defined in Article 7 plus the Contractor's Fee" and that Article 5.2.1 of the Agreement states, in pertinent part, "The Contract Sum is guaranteed by the Contractor not to exceed $6,500,000.00, subject to additions and deductions by Change Order as Provided in the Contract Documents."

15. Defendants respond to the allegations in Paragraph 15 by stating that the Agreement speaks for itself and refer this Court to the document for its content. To the extent the allegations in Paragraph 15 are in any way inconsistent with the Agreement, Defendants deny the allegations in Paragraph 15.

16. Defendants respond to the allegations in Paragraph 16 by admitting that it contains an accurate quotation of Article 6.4 of the Agreement.

17. Defendants deny the allegations of Paragraph 17 and aver that, as stated on page 4 of Exhibit B to the Agreement, Ramindesign was at all times aware that Mr. Skarzynski procured a construction loan from TD Bank to fund the construction of the Home by Ramindesign. Defendants further respond to the allegations in Paragraph 17 by stating that the Agreement speaks for itself and refer this Court to the document for its content.

18. Defendants deny the allegations of Paragraph 18, except admit that Ramindesign, as the contractor for the Home, entered into subcontracts with subcontractors and purchase orders with suppliers.

19. Defendants deny the allegations of Paragraph 19, except admit that TD Bank required the submission of written payment requisitions, as a condition for release of funds to pay for the construction of the Home, which were signed by Ramindesign and Mr. Skarzynski or Mrs. Skarzynski.

20. Defendants deny the allegations of Paragraph 20, except admit that Ramindesign submitted payment requisitions to Mr. Skarzynski during the course of construction, including for work that Ramindesign had not performed.

21. Defendants deny the allegations of Paragraph 21 and demand strict proof thereof, except defendants are without sufficient knowledge to deny or admit the allegation regarding Ramindesign's communications with its subcontractors and suppliers.

22. Defendants deny the allegations of Paragraph 22 and demand strict proof thereof.

23. Defendants deny the allegations of Paragraph 23 and demand strict proof thereof.

24. Defendants deny the allegations of Paragraph 24 and demand strict proof thereof.

25. Defendants respond to the allegations in Paragraph 25 by stating that Ramindesign submitted a payment requisition #13 to Mr. Skarzynski, which was not in accord with the Agreement and contained materially inaccurate information regarding progress and costs of a Ramindesign for the construction of the Home. Defendants deny the remaining allegations of Paragraph 25 and demand strict proof thereof.

26. Defendants deny the allegations of Paragraph 26, except admit that Mr. Skarzynski exercised his contractual right to request Ramindesign to provide supporting documentation for the costs claimed, and aver that Ramindesign failed to fully and properly comply with the request; and the information provided did not support Ramindesign's payment request.

27. Defendants deny the allegations of Paragraph 27 and demand strict proof thereof.

28. Defendants respond to the allegations in Paragraph 28 by stating that Mr. Skarzynski and Mr. Aleyasin met on several occasions to try to resolve Ramindesign's materially inaccurate payment requisition #13. Defendants deny the remaining allegations of Paragraph 28 and demand strict proof thereof.

29. Defendants deny the allegations of Paragraph 29 and demand strict proof thereof.

30. Defendants deny the allegations of Paragraph 30 and demand strict proof thereof.

31. Defendants deny the allegations of Paragraph 31, except admit that on December 7, 2023, Mr. Skarzynski hired a security service as required to safeguard the unsecured materials, equipment, appliances, and fixtures on the Property.

32. Defendants deny the allegations of Paragraph 32, except admit that Mr. Skarzynski and his counsel, Peckar & Abramson, sent letters to Ramindesign and its counsel, both dated December 7, 2023, and that said letters speak for themselves, but generally state that Mr. Skarzynski will terminate the Agreement for cause if Ramindesign did not cure its breaches of the Agreement.

33. Defendants respond to the allegations in Paragraph 33 by stating that on December 14, 2023 Mr. Skarzynski received a letter from Ramindesign, dated December 11, 2023, and deny the assertions in said letter. Defendants further respond to the allegations in Paragraph 33 by stating that Mr. Skarzynski's counsel, Peckar & Abramson, received a letter from Ramindesign's counsel, dated December 14, 2023, and deny the assertions in said letter. Defendants deny the remaining allegations of Paragraph 33 and demand strict proof thereof.

34. Defendants deny the allegations of Paragraph 34 and demand strict proof thereof, except admit that Mr. Skarzynski terminated the Agreement for cause by sending Ramindesign a Notice of Termination dated December 18, 2023, and that the December 18, 2023 Notice of Termination speaks for itself.

35. Defendants deny the allegations of Paragraph 35 and demand strict proof thereof.

**<u>COUNT I – BREACH OF CONTRACT – JACEK</u>**

36. Mr. Skarzynski repeats and realleges his responses to the preceding Paragraphs 1

through 35 as if fully set forth herein.[1]

37. Mr. Skarzynski responds to the allegations in Paragraph 37 by stating that Mr. Skarzynski and Ramindesign entered into the Agreement, pursuant to which Ramindesign was to design and construct the Home on the Property. Mr. Skarzynski further states that the Agreement speaks for itself and refers this Court to the document for its content. To the extent the allegations in Paragraph 37 are in any way inconsistent with the Agreement, Mr. Skarzynski denies the allegations in Paragraph 37. In addition, Mr. Skarzynski disputes Ramindesign's interpretation of the Agreement as set forth in Paragraph 37.

38. Mr. Skarzynski denies the allegations of Paragraph 38 and demands strict proof thereof.

39. Mr. Skarzynski denies the allegations of Paragraph 39 and avers that any storage costs for materials purchased for the Home that Ramindesign is incurring are due to its wrongful removal of Mr. Skarzynski's materials from the Property for which Mr. Skarzynski seeks a writ of replevin.

40. Mr. Skarzynski denies the allegations of Paragraph 40 and demands strict proof thereof.

41. Mr. Skarzynski denies the allegations of Paragraph 41 and demands strict proof thereof.

**COUNT II – EQUITABLE FEE ADJUSTMENT UNDER AGREEMENT § 6.4 – JACEK**

42. Mr. Skarzynski repeats and realleges his responses to the preceding Paragraphs 1

[1] Mrs. Skarzynski is not a party to COUNT I and therefore no response is required. To the extent a response is required, Mrs. Skarzynski denies the allegations in COUNT I.

through 35 as if fully set forth herein.[2]

43. The allegation contained in Paragraph 43 states a legal conclusion to which no response is required and, to the extent a response is required, the allegation is denied.

44. Mr. Skarzynski denies the allegations of Paragraph 44 and avers that Mr. Skarzynski has abided by the Agreement.

45. Mr. Skarzynski responds to the allegations in Paragraph 45 by stating that the Agreement speaks for itself and refers this Court to the document for its content. To the extent the allegations in Paragraph 45 are in any way inconsistent with the Agreement, Mr. Skarzynski denies the allegations in Paragraph 45.

46. Mr. Skarzynski denies the allegations of Paragraph 46 as phrased and demands strict proof thereof.

47. The allegations contained in Paragraph 47 state legal conclusions to which no response is required and, to the extent a response is required, the allegations are denied.

48. Mr. Skarzynski denies the allegations of Paragraph 48 and demands strict proof thereof.

**COUNT III – UNJUST ENRICHMENT – ALL DEFENDANTS**

49. Defendants repeat and reallege their responses to the preceding Paragraphs 1 through 35 as if fully set forth herein.

50. The allegation contained in Paragraph 50 states a legal conclusion to which no response is required and, to the extent a response is required, the allegation is denied.

51. Defendants deny the allegations of Paragraph 51 as phrased and demand strict proof

[2] Mrs. Skarzynski is not a party to COUNT II and therefore no response is required. To the extent a response is required, Mrs. Skarzynski denies the allegations in COUNT II.

thereof and aver that the Agreement governs all work performed by Ramindesign.

52. Defendants deny the allegations of Paragraph 52 as phrased and demand strict proof thereof and aver that the Agreement governs all work performed by Ramindesign.

53. Defendants deny the allegations of Paragraph 53 as phrased and demand strict proof thereof and aver that the Agreement governs all work performed by Ramindesign.

54. Defendants deny the allegations of Paragraph 54 as phrased and demand strict proof thereof and aver that the Agreement governs all work performed by Ramindesign.

55. The allegations contained in Paragraph 55 state a legal conclusion to which no response is required and, to the extent a response is required, the allegations are denied and aver that payment was made pursuant to the Agreement.

56. The allegation contained in Paragraph 56 states a legal conclusion to which no response is required and, to the extent a response is required, the allegation is denied.

**COUNT IV – QUANTUM MERUIT – ALL DEFENDANTS**

57. Defendants repeat and reallege their responses to the preceding Paragraphs 1 through 35 as if fully set forth herein.

58. The allegation contained in Paragraph 58 states a legal conclusion to which no response is required and, to the extent a response is required, the allegation is denied.

59. Defendants deny the allegations of Paragraph 59 as phrased and demand strict proof thereof and aver that the Agreement governs all work performed by Ramindesign.

60. Defendants deny the allegations of Paragraph 60 and aver that the Agreement governs all work performed by Ramindesign.

61. Defendants deny the allegations of Paragraph 61 and demand strict proof thereof.

**COUNT V – EQUITABLE LIEN – ALL DEFENDANTS**

62. Defendants repeat and reallege their responses to the preceding Paragraphs 1 through 35 as if fully set forth herein.

63. The allegation contained in Paragraph 63 states a legal conclusion to which no response is required and, to the extent a response is required, the allegation is denied.

64. Defendants deny the allegations of Paragraph 64 as phrased and demand strict proof thereof and aver that the Agreement governs all work performed by Ramindesign.

65. Defendants deny the allegations of Paragraph 65 as phrased and demand strict proof thereof and aver that the Agreement governs all work performed by Ramindesign.

66. Defendants deny the allegations of Paragraph 66 and aver that the Agreement governs all work performed by Ramindesign.

67. Defendants deny the allegations of Paragraph 67 and demand strict proof thereof.

68. Defendants deny the allegations of Paragraph 68 and demand strict proof thereof.

69. Defendants deny the allegations of Paragraph 69 and demand strict proof thereof and aver that the Agreement governs all work performed by Ramindesign.

70. Defendants deny the allegations of Paragraph 70 as phrased and demand strict proof thereof and aver that the Agreement governs all work performed by Ramindesign.

71. Defendants deny the allegations of Paragraph 71 and demand strict proof thereof and aver that payment was made pursuant to the Agreement.

72. The allegation contained in Paragraph 72 states a legal conclusion to which no response is required and, to the extent a response is required, the allegation is denied.

73. The allegations contained in Paragraph 73 state a legal conclusion to which no response is required and, to the extent a response is required, the allegations are denied.

74. The allegations contained in Paragraph 74 state a legal conclusion to which no

response is required and, to the extent a response is required, the allegations are denied.

**AFFIRMATIVE DEFENSES**

In addition to the defenses and denials set forth above, Defendants assert the following affirmative and other defenses. In pleading these defenses, Defendants do not admit that they bear the burden of proof, production, or persuasion on such defenses. Further, Defendants specifically reserve the right to amend their answer and assert additional defenses, including affirmative defenses, which may become known at any time in the course of this litigation.

**FIRST AFFIRMATIVE DEFENSE**

Defendants assert that Ramindesign is precluded from any recovery against Defendants, as Ramindesign committed material breaches of the Agreement. Ramindesign's material breaches of the Agreement include, without limitation: (i) submitting payment requisition(s) to Mr. Skarzynski during the course of construction, for work that Ramindesign had not performed; (ii) submitting a payment requisition #13 to Mr. Skarzynski, which was not in accord with the Agreement and contained materially inaccurate information regarding progress and costs of Ramindesign for the construction of the Home; (iii) failing to timely and fully provide supporting documentation for Ramindesign's costs; (iv) failure to timely and properly pay subcontractors for work performed, resulting in claims and Claims of Lien against the Project; (v) upon information and belief, misappropriating and/or misapplying construction funds paid by Mr. Skarzynski to Ramindesign for work performed on the Project; (vi) upon information and belief, performing defective and/or deficient work; and (viii) upon information and belief, intentionally interfering with Mr. Skarzynski's ability to take assignment of subcontractors to complete the Project following Mr. Skarzynski's termination of Ramindesign for cause under the Agreement. Therefore, even if Ramindesign sustained any damages, which it has not, Defendant Jacek Skarzynski is entitled to

damages Ramindesign has caused as a result of its material breaches of the Agreement.

**SECOND AFFIRMATIVE DEFENSE**

Defendants assert that Ramindesign's claims against Defendants are barred in whole or in part based upon the express terms of the Agreement, specifically Articles 3, 4.3, 5.2.1, 5.2.6, 6.1, 7.1.2, 7.7.1, 7.7.3, 8.1, 11, 12.1.6, and 14.1.2 of the AIA-A102 Agreement.

**THIRD AFFIRMATIVE DEFENSE**

Defendants assert that Ramindesign's claims against Defendants are barred as a result of the doctrine of waiver and estoppel, due to Ramindesign's material breaches of the Agreement and other improper conduct, as further outlined in Mr. Skarzynski's Counterclaims.

**FOURTH AFFIRMATIVE DEFENSE**

Defendants assert that Ramindesign's claims against Defendants are barred in whole or in part because Ramindesign failed to mitigate its damages, including, without limitation, by Ramindesign's failure to comply with the terms of the Agreement and other improper conduct, as further outlined in Mr. Skarzynski's Counterclaims.

**FIFTH AFFIRMATIVE DEFENSE**

Defendants assert that Ramindesign's claims are barred due to Ramindesign's failure to mitigate its damages pursuant to the doctrine of avoidable consequences. *See Sys. Components Corp. v. Florida Dept. of Transp.*, 14 So. 3d 967, 982 (Fla. 2009).

**SIXTH AFFIRMATIVE DEFENSE**

Defendants assert that Ramindesign is barred from any recovery against Defendants where Ramindesign has unclean hands as a result of its material breaches of the Agreement and other improper conduct, as further outlined in Mr. Skarzynski's Counterclaims.

**SEVENTH AFFIRMATIVE DEFENSE**

Defendants assert that Ramindesign's claims are barred, in whole or in part, because Ramindesign has not sustained any compensable damages or losses.

**EIGHTH AFFIRMATIVE DEFENSE**

Defendants assert that Defendants at all times acted reasonably and properly, and Mr. Skarzynski fully complied with his duties and obligations to Ramindesign under the Agreement.

**NINTH AFFIRMATIVE DEFENSE**

Defendants assert that, if Ramindesign sustained any damages, which it has not, Defendants are entitled to a recoupment and/or set-off and/or apportionment for any damages Ramindesign has caused Defendants as a result of its material breaches of the Agreement including, without limitation: (i) submitting payment requisition(s) to Mr. Skarzynski during the course of construction, for work that Ramindesign had not performed; (ii) submitting a payment requisition #13 to Mr. Skarzynski, which was not in accord with the Agreement and contained materially inaccurate information regarding progress and costs of Ramindesign for the construction of the Home; (iii) failing to timely and fully provide supporting documentation for Ramindesign's costs; (iv) failure to timely and properly pay subcontractors for work performed, resulting in claims and Claims of Lien against the Project; (v) upon information and belief, misappropriating and/or misapplying construction funds paid by Mr. Skarzynski to Ramindesign for work performed on the Project; (vi) upon information and belief, performing defective and/or deficient work; and (viii) upon information and belief, intentionally interfering with Mr. Skarzynski's ability to take assignment of subcontractors to complete the Project following Mr. Skarzynski's termination of Ramindesign for cause under the Agreement.

**TENTH AFFIRMATIVE DEFENSE**

Defendants assert that Ramindesign's claims for unjust enrichment and quantum meruit are barred because a valid and enforceable Agreement governs the subject matter of those claims. *Sea Byte, Inc. v. Hudson Marine Mgmt. Servs., Inc.*, 565 F.3d 1293, 1301 (11th Cir. 2009) (applying Florida law).

**ELEVENTH AFFIRMATIVE DEFENSE**

Defendants assert that Ramindesign's breach of contract claim is barred because Ramindesign breached the implied covenant of good faith and fair dealing by, without limitation: (i) submitting payment requisition(s) to Mr. Skarzynski during the course of construction, for work that Ramindesign had not performed; (ii) submitting a payment requisition #13 to Mr. Skarzynski, which was not in accord with the Agreement and contained materially inaccurate information regarding progress and costs of Ramindesign for the construction of the Home; (iii) failing to timely and fully provide supporting documentation for Ramindesign's costs; (iv) failure to timely and properly pay subcontractors for work performed, resulting in claims and Claims of Lien against the Project; (v) upon information and belief, misappropriating and/or misapplying construction funds paid by Mr. Skarzynski to Ramindesign for work performed on the Project; (vi) upon information and belief, performing defective and/or deficient work; and (viii) upon information and belief, intentionally interfering with Mr. Skarzynski's ability to take assignment of subcontractors to complete the Project following Mr. Skarzynski's termination of Ramindesign for cause under the Agreement.

**TWELFTH AFFIRMATIVE DEFENSE**

Defendants assert that Ramindesign's claims against Mrs. Skarzynski are barred because: (i) there is no statutory lien foreclosure claim by Ramindesign in the Amended Complaint; and (ii) there is no legal basis for personal liability of Mrs. Skarzynski arising from the Agreement since

she is not a party to the Agreement. *Moore v. Leisure Pool Service*, 412 So. 2d 392, 393 (Fla. 5th DCA 1982); Fla. Stat. § 713.12; *Mullne v. Sea-Tech Construction, Inc.*, 84 So. 3d 1247 (Fla. 4th DCA 2012).

**THIRTEENTH AFFIRMATIVE DEFENSE**

Defendants assert that Ramindesign's claims are barred because, as an unlicensed general contractor, Ramindesign: (i) has no lien rights under Florida law, *see* Fla. Stat. § 713.02; and (ii) has no enforceable contract and no right to recover pursuant to quantum meruit. *See* Fla. Stat. §489.128; *Morrison v. West*, 30 So. 3d 561 (Fla. 4th DCA 2010); *Boatwright Const., LLC v. Tarr*, 958 So. 2d 1071 (Fla. 5th DCA 2007); *Full Circle Dairy, LLC v. McKinney*, 467 F.Supp.2d 1343 (M.D. Fla. 2006); *Earth Trades, Inc. v. T &G Corp.,* 108 So. 3d 580 (Fla. 2013).

**FOURTEENTH AFFIRMATIVE DEFENSE**

Defendants assert that Ramindesign's claims are barred, in whole or in part, because pursuant to Section 6.4 of the Agreement, the extent of changes in the work claimed by Ramindesign are such that, in the aggregate, the application of the adjustment provisions of Article 5 of the Agreement will cause substantial inequity to Mr. Skarzynski. Specifically, based on Ramindesign's submission of (i) materially inaccurate and exaggerated payment requisitions #12 and #13; (ii) improper, unauthorized, and/or unapproved change orders; and (iii) improper, unauthorized, and excessive fees; and failure to comply with the Guaranteed Maximum Price terms of the Agreement and timely and fully provide supporting documentation for the costs claimed, it would be substantially inequitable to Mr. Skarzynski for the adjustment provisions of Article 5 of the Agreement to apply on such excessive construction costs.

**WHEREFORE**, Defendants, JACEK SKARZYNSKI and OLGA SKARZYNSKI demand judgment in their favor and against Plaintiff, RAMINDESIGN, LLC, including without

limitation, damages, interest, costs, together with such other and further relief this Court deems just, equitable and proper.

## SECOND AMENDED COUNTERCLAIMS

Counter-Plaintiff, Plaintiff, Jacek Skarzynski ("Mr. Skarzynski"), by and through undersigned counsel, and in accordance with Rules 13, 15 and 19 of the Federal Rules of Civil Procedure and the Local Rules of the U.S. District Court for the Southern District of Florida, hereby sues Counter-Defendants, Ramindesign, LLC ("Ramindesign") and Ramindesign+Development, LLC ("Ramindesign+Development") and states as follows:

## PARTIES, JURISDICTION, AND VENUE

1. Mr. Skarzynski is: (i) an individual; (ii) over the age of 18; (iii) at the time of the filing of this action was a citizen of the State of New York[3]; and (iv) an owner of certain real property located at 1413 North Venetian Way, Miami, FL 33139 (the "Property").

2. Ramindesign is a Florida limited liability company with its principal place of business in Miami-Dade County, Florida and, upon information and belief, is a citizen of the State of Florida as it has two members, Ramin Aleyasin as sole trustee of the Ramin Aleyasin Revocable Trust, an individual who is a citizen of the State of Florida and a trust whose situs is the State of Florida, and Negar Asdaghi, a citizen of the State of Florida.

3. Ramindesign+Development is a Florida limited liability company with its principal place of business in Miami-Dade County, Florida and, upon information and belief, is a citizen of the State of Florida as it has two members, Ramin Aleyasin as sole trustee of the Ramin Aleyasin

---

[3] Diversity of citizenship is assessed as of the time the action is filed. *Grupo Dataflux v. Atlas Global Group, L.P.*, 541 U.S. 567, 570-71 (2004)

Revocable Trust, an individual who is a citizen of the State of Florida and a trust whose situs is the State of Florida, and Negar Asdaghi, a citizen of the State of Florida

4. Intentionally omitted to preserve numbering

5. Intentionally omitted to preserve numbering

6. This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1332(a)(1) because this is an action between "citizens of different States" and the matter in controversy exceeds $75,000.00, exclusive of interest and costs.

7. The Court has supplemental jurisdiction over the state law claims of the Counterclaims, pursuant to 28 U.S.C. § 1367.

8. Venue is appropriate in the U.S. District Court for the Southern District Court of Florida pursuant to 28 U.S.C. § 1391(b)(2), as a substantial part of the events giving rise to the claims at issue in this matter arose in Miami-Dade County, Florida. Additionally, the Property that is the subject of this action is situated in Miami-Dade County, Florida.

9. Mr. Skarzynski has performed all conditions precedent to the institution of this Counterclaims, or such conditions have occurred, been performed, excused, or waived.

**THE FACTS**

10. This lawsuit arises out of the design and construction of a single-family residence on Mr. Skarzynski's property located in Miami-Dade County, Florida (the "Project").

11. Mr. Skarzynski is an owner of certain real property located at 1413 North Venetian Way, Miami, FL 33139.

12. In early 2021, Mr. Skarzynski was introduced to Ramin Aleyasin and his company Ramindesign. Mr. Skarzynski and Mr. Aleyasin discussed and agreed that Ramindesign would design and construct a single-family residence on the Property (the "Home" or "Project").

13. Mr. Skarzynski and Ramindesign entered into an agreement dated January 27, 2022 (the "Agreement"), pursuant to which Ramindesign was to design and construct the Home on the Property. A true and correct copy of the Agreement is attached as **Exhibit A**.

14. The Agreement provides, in pertinent part, that Ramindesign was responsible to, without limitation:

a. ***Construct a two story waterfront home*** on Mr. Skarzynski's Property, *see* **Exhibit A,** at p. 1 (emphasis added);

b. ***Fully execute the work*** in accordance with design plans, *see* **Exhibit A,** at Article 2 (emphasis added);

c. c. ***Furnish an adequate supply of workers and materials,*** *see* **Exhibit A,** at Article 3 (emphasis added);

d. Perform "***major construction*** such as concrete pouring, stucco application, exterior and interior painting …, roof … landscaping …, windows & doors …, balcony glass …, all exterior railings …, pool … and all exterior equipment …," *see* **Exhibit A,** at Article 4.3.2 (emphasis added);

e. ***Use*** "***subcontractors, suppliers and material men*** in connection with the Project. ***Contractor will directly pay all such subcontractors, suppliers and material men*** and obtain releases of liens under Chapter 713, Florida Statutes, from them for work and/or materials provided. …" *See* **Exhibit A,** at EXHIBIT B, p. 4 (emphasis added).

***<u>Licensing Failures</u>***

15. However, neither Mr. Aleyasin nor Ramindesign were or are licensed to perform general contracting services in the State of Florida. Specifically: (i) there is no record of Mr. Aleyasin having any construction-related licenses with the Florida Department of Business & Professional Regulation; and (ii) there is no record of Ramindesign having any construction-related licenses with the Florida Department of Business & Professional Regulation. *See* <u>https://www.myfloridalicense.com/wl11.asp?mode=2&search=Name&SID=&brd=&typ=N</u>.

16. Further, there is no record of either Mr. Aleyasin nor Ramindesign being qualified by any entity licensed to perform general contracting services in the State of Florida, including LHF Construction, Inc. ("LHF") or Larry Feder, as required by Florida law.

17. Fla. Stat. § 489.105(3) defines "contractor" as:

> … ***the person who is qualified for,*** and is only responsible for, ***the project*** contracted for and means … ***the person who, for compensation, undertakes to,*** submits a bid to, ***or does himself or herself or by others construct,*** repair, ***alter,*** remodel, add to, demolish, subtract from, or ***improve any building or structure, including related improvements to real estate, for others*** or for resale to others …

18. Fla. Stat. § 489.105(6) defines "contracting" as "***engaging in business as a contractor"*** including "[t]he ***attempted sale of contracting services*** and the ***negotiation or bid for a contract on these services*** …." (Emphasis added).

19. The foregoing activities fall squarely under the definition of "contractor" and "contracting" as set forth in Fla. Stat. §§ 489.105(3) and (6). Thus, under Florida law, a contracting license is required to perform the work contemplated of Ramindesign under the Agreement.

20. In addition, Ramindesign's website includes a "General Contracting" section under the services it purportedly provides states that Ramindesign provides "complete general contracting services to a variety of project types." The website goes on to state that Ramindesign is "responsible for construction contracts as well as oversight of our forces and our trade associates" and that it "uses the highest quality subcontractors for our projects." *See* https://www.ramindesigns.com/our-services).

21. However, Ramindesign unlawfully used the license of another entity, LHF, and its qualifier and principal, Larry Feder, to pull the permits required for the Project and to allegedly supervise and oversee the construction of the Home.

22. At all times, it was Mr. Skarzynski's expectation as contemplated by the Agreement that Ramindesign would be performing the general contracting services at the Project. Indeed, Mr. Skarzynski never had any contact or interaction with the entity that Ramindesign allegedly retained to supervise and oversee the construction of the Home. Further, Mr. Skarzynski had no contract with LHF or Mr. Feder to construct the Home – his contract was with Ramindesign.

23. Fla. Stat. § 489.127(1) provides that it is unlawful for any person to hold himself out as a contractor, act in the capacity of a contractor, engage in the contracting business for which a license is required, or offer to perform such business, without being certified or registered with a construction industry license.

24. Likewise, Fla. Stat. § 489.531(1) provides that a person may not practice contracting unless the person is certified or registered.

25. Neither Mr. Aleyasin nor Ramindesign were or are licensed to perform general contracting services in violation of Florida law.

26. Upon information and belief, neither LHF nor Mr. Feder actively supervised, directed, managed, oversaw or controlled the construction activities at the Project for which they, upon information and belief, obtained a permit to construct.

27. Upon information and belief, Ramindesign's use of LHF and Mr. Feder's contractor's license was merely a scheme to evade the Florida licensing statute and requirements therein because they were not licensed to perform general contracting services in the State of Florida. Under Florida law, a business performing the work of a contractor as defined by the statute cannot evade the licensing requirement by claiming it was being supervised by a licensed contractor.

28. Pursuant to the Agreement and Florida law, Ramindesign owed a duty to Mr.

Skarzynski to construct the Project in accordance with (a) standards of good workmanship; (b) approved plans and specifications for such work; and (c) in compliance with applicable Florida laws, local building codes, ordinances, and regulations.

29. Intentionally omitted to preserve numbering

***<u>Construction Deficiencies</u>***

30. During construction and following Ramindesign's termination from the Project, Mr. Skarzynski discovered non-conformities and deficiencies in the construction, which has and/or will result in property damage at the Home. The construction deficiencies and resulting property damage are a direct result of work constructed, directed, supervised, inspected, and/or approved by Ramindesign.

31. Ramindesign failed to comply with the applicable standard of care by committing and/or allowing construction errors and omissions in providing their services for the Project.

32. Plumbing installations, including the floor drains and fixtures, are not aligned with the plumbing drawing layout.

33. Certain installed plumbing fixtures are not in compliance with the Florida Building Code, necessitating the installation of temperature limiting valves.

34. The shower pans in the bathrooms were not installed correctly in that that round drains instead of linear drains were installed and the waterproofing was not installed correctly.

35. The drainage in the motor court slab/garage is inadequate due to the underlying concrete slab being too shallow.

36. In order to correct these deficiencies, completed work must be removed from the surrounding areas and re-done, specifically tiling and waterproofing.

37. Mr. Skarzynski lacks personal knowledge as to who performed the work listed in

paragraphs 32 – 36; however Milancorp Inc. was the plumbing subcontractor retained by Ramindesign.

38. Drywall and surface installations are substandard in that the surfaces are not plumb and straight.

39. As a result, much of the drywall on the first floor of the Home must be replaced and portions of the ceiling on the first floor must be re-plastered due to improper installation of the underlying framing.

40. As a result, the ceiling and much of the drywall on the second floor of the Home must be replaced due to improper installation of the insulation above the ceiling and improper installation of the underlying framing.

41. Furthermore, plastic corner beads were used, resulting in a wavy finish, necessitating their removal and replacement with aluminum corner beads.

42. Additionally, certain areas of drywall will be repaired to correct the deficiency in the finish.

43. In order to correct these deficiencies, completed work must be removed from the surrounding areas and re-done, specifically drywall, ductwork, and lighting.

44. Mr. Skarzynski lacks personal knowledge as to who performed the work listed in paragraphs 38 – 43; however Saisha Corp. was the carpentry subcontractor retained by Ramindesign; J. Jireh Interiors Inc. was the drywall subcontractor retained by Ramindesign; and, upon information and belief, Ramindesign also employed Smart Technology Solutions to install drywall.

45. Drywall was painted without a primer being applied first, necessitating those areas to be sanded, primed, and repainted.

46. Mr. Skarzynski lacks personal knowledge as to who performed the work listed in paragraph 45.

47. The roofing and waterproofing systems deviate from the original design, including using an unspecified product, improper membrane installation and inadequate sealing of joints and penetrations. As installed, the membrane is not sufficient to receive any overburden from the elements.

48. Artificial grass was installed on roof areas in a manner that is not in accordance with the roofing and waterproofing systems manufacturer's specifications.

49. Joints in the roofing and waterproofing systems were not sealed correctly.

50. Similarly, the waterproofing system for the balconies and the planters is inadequate and not in conformity with the design specifications.

51. Furthermore, the insulation in the basement areas shows a high content of moisture due to the failure to install an adequate waterproofing system, requiring concrete repairs as well as reinstallation of the waterproofing system

52. In order to correct the roofing and waterproofing systems, the tiles and artificial grass that was placed on top of them must be removed and new roofing and waterproofing systems must be installed.

53. Mr. Skarzynski lacks personal knowledge as to who performed the work listed in paragraphs 47 – 52; however Coda Roofing Inc. was the roofing subcontractor retained by Ramindesign.

54. Cracks in the exterior stucco of the Home have appeared and need to be repaired.

55. Efflorescence in exterior surfaces of the Home has appeared and needs to be repaired.

56. Mr. Skarzynski lacks personal knowledge as to who performed the work listed in paragraphs 54 and 55.

57. Thermal insulation above the second floor ceiling was improperly installed in that the required clearance between the insulation and the ductwork was not maintained.

58. Additionally, thermal insulation needs to be installed for curtain pockets.

59. Furthermore, not all of the spray foam insulation was covered with smoke preventive paint.

60. Drywall along with any items installed in the drywall must be removed in order to access the areas where the insulation must be rectified.

61. Mr. Skarzynski lacks personal knowledge as to who performed the work listed in paragraphs 57 – 59; however Gale Insulation was the insulation subcontractor retained by Ramindesign.

62. The exterior sliding doors to the terrace and the primary bedroom were installed improperly and do not give access to the outside terrace and balcony. The sliding doors need to be replaced.

63. Several of the doors and windows have been installed improperly, several of the doors handle are rusting, slat paneling was installed improperly, brake metals are missing, keys to the locks installed are missing, and bottom tracks not properly flushed with the stone floors. These deviations require repairs to or reinstallation of doors and windows

64. Mr. Skarzynski lacks personal knowledge as to who installed the sliding doors, doors, and windows; however Secure Windows and Doors Inc. was the windows and doors subcontractor retained by Ramindesign.

65. The ceiling invisible speakers throughout the Home were improperly installed by

having an excessive coat of plaster or compound applied over them.

66. Wiring for televisions was not installed so that it extended out of the walls and wiring was not connected to speakers.

67. In order to correct these deficiencies, drywall had to be removed and new speakers have to be purchased and installed.

68. Mr. Skarzynski lacks personal knowledge as to who performed the work listed in paragraphs 65 and 66; however Smart Technology Solutions was the low voltage subcontractor retained by Ramindesign.

69. Rock and debris were buried underneath the Home, necessitating its removal and replacement with gravel.

70. Mr. Skarzynski lacks personal knowledge as to who placed the rock and debris underneath the Home.

71. Ramindesign was responsible for all of the deficiencies listed above by directing the work to be performed in an improper manner and/or failing to supervise or improperly supervising the performance of the work.

72. Intentionally omitted to preserve numbering

73. At the time of the filing of the Third Amended Answer, Affirmative Defenses, and Counterclaims, which this pleading amends for purposes of establishing jurisdiction and eliminating counterclaims that have been abandoned or otherwise dismissed, construction of the Home was ongoing and as the Home is completed, further deficiencies may be found.

74. As a result of said deficient and defective work, at the time of the filing of the Third Amended Answer, Affirmative Defenses, and Counterclaims Mr. Skarzynski has been forced and continues to be forced to complete costly and time consuming remedial work at his own expense.

***Boffi Materials***

75. The Agreement required Ramindesign to install a "Boffi gourmet kitchen with adjoining chef's/service kitchen" and "Boffi fixtures". Boffi is an Italian fabricator of fine cabinetry and millwork.

76. To Mr. Skarzynski's best knowledge, information, and belief, in the State of Florida Boffi is represented and distributed by Boffi Miami, LLC ("Boffi Miami").

77. Ramindesign+Development and/or Ramindesign, LLC proceeded to enter into thirteen purchase orders with Boffi Miami to supply custom-manufactured millwork, cabinets, and countertops and backsplashes, in addition to bathtubs, sinks, appliances, and lighting fixtures, to be delivered and installed by Boffi Miami as part of the construction of the Project.

78. Both prior to and after Mr. Skarzynski's termination of the Agreement, upon information and belief, Ramindesign and/or Ramindesign+Development detained certain Boffi Miami materials that were paid for by Mr. Skarzynski and to be delivered and installed at the Project.

79. A listing of the items to be delivered and installed by Boffi Miami pursuant to the thirteen purchase orders that are not at the Project ("the Boffi Materials") is set forth below:

a. Asko 24" integrated dishwasher ADA for custom panel as more particularly identified in the Boffi Miami Purchase Order described as "1413 appliances butler r2", attached hereto as **Exhibit B**.

b. Subzero 24" designer undercounter wine storage panel ready LH + solid panel LH 7042313 unit as more particularly identified in the Boffi Miami Purchase Order described as "1413 bar appliances r2", attached hereto as **Exhibit C**.

c. Gaggenau 24" ADA dishwasher for custom panel as more particularly identified in the Boffi Miami Purchase Order described as "1413 bar appliances r2", **Exhibit C**.

d. Subzero ice maker 15" outdoor with pump as more particularly identified in the Boffi Miami Purchase Order described as "1413 extra appliances", attached hereto as **Exhibit D.**

e. Subzero 15" outdoor ice maker no pump left hinge as more particularly identified in the Boffi Miami Purchase Order described as "1413 extra appliances", **Exhibit D**.

f. LG dryer 29" front load stackable as more particularly identified in the Boffi Miami Purchase Order described as "1413 extra appliances", **Exhibit D**.

g. Gaggenau 15" induction cooktop as more particularly identified in the Boffi Miami Purchase Order described as "1413 appliances main K r2", attached hereto as **Exhibit E.**

h. Gaggenau 36" refrigerator for custom panel right hinge as more particularly identified in the Boffi Miami Purchase Order described as "1413 appliances main K r2", **Exhibit E**.

i. Bathroom cabinetry and fixtures as more particularly identified in the Boffi Miami Purchase Order described as "1413 all baths Feb '23", attached hereto as **Exhibit F**.

j. Stone slabs, glass storage unit, and bar as more particularly identified in the Boffi Miami Purchase Order described as "1413 extras Feb '23", attached hereto as **Exhibit G.**

k. Closet cabinetry as more particularly identified in the Boffi Miami Purchase Order described as "1413 all closets Feb '23", attached hereto as **Exhibit H.**

l. Midnight kitchen and media room cabinetry and a portion of related materials as more particularly identified in the Boffi Miami Purchase Order described as "1413 extrasB Feb '23", attached hereto as **Exhibit I.**

m. Cabinetry and fixtures for a closet and bedroom desk as more particularly identified in the Boffi Miami Purchase Order described as "1413 VIP bedroom closet", attached hereto as **Exhibit J**.

n. Outlets and plugs for openings as more particularly identified in the Boffi Miami Purchase Order described as "CO pop up plugs and cut", attached hereto as **Exhibit K**.

o. Outdoor lighting fixtures as more particularly identified in the Boffi Miami Purchase Order described as "DEP lamps for planter and stone", attached hereto as **Exhibit L**.

p. Cabinetry in the media room and midnight kitchen as more particularly identified in the Boffi Miami Purchase Order described as "1413 CO media room/midnite", attached hereto as **Exhibit M**.

q. Main kitchen countertops as more particularly identified in the Boffi Miami Purchase Order described as "1413 main and butl k Feb '23", attached hereto as **Exhibit N**.

80. Mr. Skarzynski is the owner of the Boffi Materials and was entitled to immediate possession of the Boffi Materials because Mr. Skarzynski paid Ramindesign in full for the Boffi Materials.

81. According to Boffi Miami, the Boffi Materials were delivered to or picked up by Ramindesign. Specifically, Mr. Skarzynski, through his attorney, first demanded that Boffi Miami deliver the Boffi Materials, but Boffi Miami responded, through its attorney, that it had delivered or released the Boffi Materials to Ramindesign in January 2024.

82. Thereafter, Mr. Skarzynski, through his attorney, demanded that Ramindesign deliver or release the Boffi Materials, but Ramindesign refused to do so.

83. Subsequently, and as part of his Declaration in opposition to Mr. Skarzynski's Motion for an Order to Show Cause, Mr. Aleyasin declared that Ramindesign+Development assumed ownership and possession of the Boffi Materials.

84. As such, the Boffi Materials are in the current possession of and being wrongfully detained by Ramindesign and/or Ramindesign+Development, and have not been returned to Mr. Skarzynski despite repeated demands.

85. Mr. Skarzynski has lost the use of these made-to-order Boffi Materials since January 2024, when the Boffi Materials were delivered to or picked up by Ramindesign and/or Ramindesign+Development.

86. Upon information and belief, Ramindesign and/or Ramindesign+Development hired individuals or directed their employees to remove certain of the Boffi Materials from the Home in November 2023 before Mr. Skarzynski terminated the Agreement and to bring them to a

warehouse to be stored. Ramindesign and/or Ramindesign+Development subsequently caused the remaining Boffi Materials to be picked up from Boffi Miami in January 2024 and also had them stored in a warehouse.

87. The Boffi Materials which Ramindesign and/or Ramindesign+Development are withholding from Mr. Skarzynski were necessary for the completion of the Project.

88. The Boffi Materials are unique and specifically designed and manufactured for Mr. Skarzynski's Home.

89. As a result of Ramindesign's, and/or Ramindesign+Development's wrongful detention of the Boffi Materials, Mr. Skarzynski was forced to order goods and supplies to substitute for the Boffi Materials, which has resulted in Mr. Skarzynski paying for the same or equivalent items twice, once for the Boffi Materials and once for the goods and supplies ordered to substitute for the Boffi Materials, and has further delayed the completion of the Project due to the long lead time for these items.

90. Mr. Skarzynski has therefore been significantly damaged by Ramindesign, and/or Ramindesign+Development's unlawful theft and conversion of the Boffi Materials.

91. Further, as a result of the foregoing, Mr. Skarzynski has been and continues to be damaged by having to pay a mortgage and interest on the incomplete Home and otherwise losing income that could have been realized had the Home been timely and properly completed.

**COUNT I**
**(Breach of Contract against Ramindesign)**

92. Mr. Skarzynski restates the allegations contained within paragraphs 1 through 91 above as if fully set forth herein.

93. The Agreement required Ramindesign to, *inter alia*, construct a two-story waterfront home, fully execute the work, furnish an adequate supply of workers and materials, perform major construction, and use subcontractors, suppliers and material men in connection with the Project. In essence, the Agreement required Ramindesign to serve as the general contractor for the Project.

94. However, Ramindesign was not and is not licensed to perform general contracting services in Florida and therefore not qualified to perform the work set forth in the Agreement in violation of same.

95. Instead, Ramindesign improperly and unlawfully used the contractor's license of LHF and Mr. Feder and apparently delegated its contractual responsibilities to supervise and oversee the work to them to the detriment of Mr. Skarzynski.

96. In addition, during the construction of the Home, Ramindesign submitted several payment requisitions to Mr. Skarzynski, including for work that Ramindesign had not performed.

97. Among others, Ramindesign submitted a payment requisition #13 to Mr. Skarzynski, which was not in accord with the Agreement and contained materially inaccurate information regarding progress and costs of Ramindesign for the construction of the Home.

98. Mr. Skarzynski exercised his contractual right to request Ramindesign to provide supporting documentation for the costs claimed, but Ramindesign failed to fully and properly

comply with the request; and the information provided did not support Ramindesign's payment request.

99. Mr. Skarzynski and Mr. Aleyasin met on several occasions to try to resolve Ramindesign's materially inaccurate payment requisition #13, but were unable to do so due to Ramindesign's non-cooperation.

100. Contrary to its obligations under the Agreement, Ramindesign unilaterally and unjustifiably stopped performing the required construction work on the Home.

101. On December 7, 2023, counsel for Mr. Skarzynski sent written notice to counsel for Ramindesign, identifying several material issues with Ramindesign's performance under the Agreement, including, without limitation, Ramindesign's: (i) materially inaccurate and exaggerated payment requisitions #12 and #13; (ii) submission of improper, unauthorized, and/or unapproved change orders; (iii) submission of improper, unauthorized, and excessive fees; (iv) failure to comply with the Guaranteed Maximum Price terms of the Agreement; (v) failure to timely and fully provide supporting documentation for the costs claimed; and (vi) unilateral and unjustifiable stoppage of construction activities on the Home.

102. On December 7, 2023, Mr. Skarzynski sent separate written notice to Ramindesign, that Ramindesign was in default under the Agreement as a result of its unilateral and unjustifiable stoppage of construction activities on the Home and other material breaches of the Agreement as enumerated above. This notice also advised that Mr. Skarzynski would terminate the Agreement for cause if Ramindesign did not cure its material breaches and default within seven days.

103. Ramindesign did not cure its material breaches and default under the Agreement.

104. On December 8, 2023, Mr. Skarzynski sent written notice to Ramindesign, requesting a Sworn Statement of Account pursuant to Fla. Stat. § 713.16(2).

105. Ramindesign did not provide the requested Sworn Statement of Account within 30 days as required by the statute.

106. On December 19, 2023, due to Ramindesign's ongoing and uncured material breaches and default under the Agreement, Mr. Skarzynski sent written notice dated December 18, 2023 to Ramindesign, terminating the Agreement for cause.

107. Following Mr. Skarzynski's termination of the Agreement for cause, Mr. Skarzynski retained a replacement general contractor to correct and complete the construction of the Home.

108. Mr. Skarzynski and his replacement general contractor thereafter commenced efforts to take assignment of several of Ramindesign's subcontractors that were performing work on the Home, as authorized by the Agreement.

109. Upon information and belief, Ramindesign intentionally and wrongfully engaged in conduct which actively interfered with Mr. Skarzynski's: (i) contractual and legal rights; (ii) ability to complete the construction of the Home; and (iii) efforts to mitigate damages caused by Ramindesign's material breaches and default under the Agreement. Specifically, upon information and belief, Ramindesign, without legal justification or right:

a. Instructed the subcontractors not to continue performing work on the Home, despite (i) Mr. Skarzynski's attempts to enforce the contractual right to have such subcontracts assigned following termination for cause, and (ii) Ramindesign's obligation to cooperate in assigning such subcontracts pursuant to Article 14.1.2.2 of the Agreement;

b. Promised to pay the subcontractors money owed on other projects if they agreed to abandon the construction of the Home; and

c. Instructed at least one subcontractor to record a Claim of Lien against Mr. Skarzynski's Property.

110. As a result, on January 5, 2024, counsel for Mr. Skarzynski sent written notice to counsel for Ramindesign, demanding that Mr. Aleyasin and/or Ramindesign immediately cease and desist from engaging in the foregoing – or any other – intentional and wrongful conduct in connection with the Home and the Agreement.

111. On January 5, 2024, Mr. Skarzynski sent separate written notice to Mr. Aleyasin, demanding that Mr. Aleyasin and/or Ramindesign immediately cease and desist from engaging in the foregoing – or any other – intentional and wrongful conduct in connection with the Home and the Agreement.

112. In addition, as a result of Ramindesign's failure to timely and properly pay its subcontractors from funds remitted by Mr. Skarzynski, several subcontractors have advised Mr. Skarzynski that they are owed money for work performed on the Home prior to the termination of the Agreement for cause. Several subcontractors recorded Claims of Lien against the Property.

113. Further, the work performed by Ramindesign on the Home was defective and/or deficient, which at the time of the filing of the Third Amended Answer, Affirmative Defenses, and Counterclaims already has and will continue to cause resulting damage to property at the Home.

114. As a result of Ramindesign's material breaches and default under the Agreement, Mr. Skarzynski has incurred and at the time of the filing of the Third Amended Answer, Affirmative Defenses, and Counterclaims continues to incur delays to the completion of the Home and damages including, without limitation, costs to investigate, correct, and complete the Home using a replacement general contractor; costs of resolving subcontractor claims for payment and

Claim(s) of Lien; costs of having to pay twice for the same work; loss of use damages, loss of income damages, additional property damage, and additional financing costs.

115. As a result of the foregoing, Mr. Skarzynski has been damaged by Ramindesign's breaches of the Agreement in an amount to be determined at trial.

**WHEREFORE**, Counter-Plaintiff, JACEK SKARZYNSKI, demands judgment against Counter-Defendant, RAMINDESIGN, LLC awarding him his actual damages, including without limitation, compensatory damages, consequential damages, loss of use, loss of income, expert costs, prejudgment interest, costs of suit and expenses, together with such other and further relief this Honorable Court deems just, equitable and proper.

**COUNT II**
**(Withdrawn)**

116. Intentionally omitted to preserve numbering

117. Intentionally omitted to preserve numbering

118. Intentionally omitted to preserve numbering

119. Intentionally omitted to preserve numbering

120. Intentionally omitted to preserve numbering

121. Intentionally omitted to preserve numbering

**COUNT III**
**(Negligence against Ramindesign)**

122. Mr. Skarzynski restates the allegations contained within paragraphs 1 through 74 above as if fully set forth herein.

123. Ramindesign provided labor, services, and materials in the construction of the Home. Ramindesign, by itself and through its agents, and employees, constructed, directed,

supervised, inspected and/or approved the work performed at the Project through the date of the termination of the Agreement by Mr. Skarzynski.

124. Ramindesign owed a duty to Mr. Skarzynski, independent of any contractual obligations, to construct and provide materials free of defects and/or deficiencies in the work at the Project; in conformity with applicable building codes, ordinances, and regulations; consistent with good practice; by providing adequate direction and supervision of others providing materials or performing labor on the Project; and by exercising reasonable care in performing its work at the Property and not damaging the Property.

125. Ramindesign breached its duty to Mr. Skarzynski by, *inter alia*:

a. Using the license of another unrelated entity to pull permits for the work and otherwise performing unlicensed work at the Home;

b. Using/retaining a separate licensed contractor to supervise and oversee the work at the Project in violation of Florida law;

c. Failing to ensure such licensed contractor was supervising and overseeing the work;

d. Failing to construct the Project in compliance with the Florida Building Code;

e. Constructing the Project with deficiencies caused by faulty workmanship or defective work performed by Ramindesign or its subcontractors or suppliers that has caused damage to other property located at the Home as more fully described in paragraphs 30 - 74;

f. Failing to adequately staff its work on the Project;

g. Failing to properly direct the performance of the work by subcontractors at the Project and/or failing to supervise adequately the work by subcontractors at the Project.

126. Ramindesign performed its work in such a manner as to breach its duty of reasonable care to Mr. Skarzynski, thereby resulting in damages to Mr. Skarzynski's Home and other property, including but not limited to the costs to repair and replace the nonconforming, deficient materials and/or construction.

127. Ramindesign is not licensed to perform general contracting services in the State of Florida as required by Florida law, and was careless and negligent in constructing, supervising, and inspecting, and/or approving work performed at the Project.

128. Mr. Skarzynski suffered damages as a result of the fact that Ramindesign was not a licensed contractor. Ramindesign was neither certified as a contractor by the State of Florida nor licensed as a contractor pursuant to the laws of the municipality or county within which it was conducting business.

129. As a direct and proximate result of Ramindesign's negligence, Mr. Skarzynski has suffered damages and at the time of the filing of the Third Amended Answer, Affirmative Defenses, and Counterclaims will continue to suffer damages, including, but not limited to, costs incurred to construct, repair, and replace property located at the Project; costs incurred to repair and replace other property that has been damaged as a result of Ramindesign's negligence; costs incurred as a result of the delay in completion of construction; loss of use of the Home, loss of income, and such other damages as may be established at trial.

130. Pursuant to Section 768.0425 of the Florida Statutes, Plaintiff is entitled to three times the actual compensatory damages sustained in addition to costs and attorney's fees.

**WHEREFORE**, Counter-Plaintiff, JACEK SKARZYNSKI, demands judgment against Counter-Defendant, RAMINDESIGN, LLC awarding him his actual damages, including without limitation, compensatory damages, treble damages, consequential damages, loss of use, loss of

income, expert costs, prejudgment interest, costs of suit and expenses, attorney's fees and costs pursuant to Section 768.0425 of the Florida Statutes, together with such other and further relief this Honorable Court deems just, equitable and proper.

**COUNT IV**
**(Civil Theft against Ramindesign)**

131. Mr. Skarzynski restates the allegations contained within paragraphs 1 through 91 above as if fully set forth herein.

132. The Agreement required Ramindesign to install a "Boffi gourmet kitchen with adjoining chef's/service kitchen" and "Boffi fixtures". Boffi is an Italian fabricator of fine cabinetry and millwork.

133. Upon information and belief, both prior to and after Mr. Skarzynski's termination of the Agreement, Ramindesign detained the Boffi Materials, which were paid for by Mr. Skarzynski, and to be delivered and installed at the Project.

134. A listing of the Boffi Materials, which were items to be delivered and installed by Boffi Miami pursuant to the thirteen purchase orders, that are not at the Project is set forth in Paragraph 79(a)-(q) herein.

135. Mr. Skarzynski is the owner of the Boffi Materials and was entitled to immediate possession of the Boffi Materials because Mr. Skarzynski paid Ramindesign in full for the Boffi Materials.

136. The actions of Ramindesign constitute violations of Florida Statutes Section 812.014, in that it knowingly obtained or used, or endeavored to obtain or to use, the property of another with the intent to, either temporarily or permanently, deprive the other person of a right to

the property or a benefit from the property or to appropriate the property to its own use or to the use of any person not entitled to the use of the property.

137. Specifically, Ramindesign knowingly detained the Boffi Materials owned by Mr. Skarzynski with the intent to deprive Mr. Skarzynski of his right to or benefit from the Boffi Materials.

138. On or about February 29, 2024, Mr. Skarzynski, through his attorney, sent a letter to the attorney for Ramindesign demanding that it return or deliver the Boffi Materials to Mr. Skarzynski.

139. Neither Ramindesign nor its attorney responded to Mr. Skarzynski's February 29, 2024 demand.

140. Ramindesign failed and refused to deliver the Boffi Materials to Mr. Skarzynski despite the full payment therefor.

141. On or about May 29, 2024, Mr. Skarzynski, through his attorney, sent another demand pursuant to Fla. Stat. §772.11 to Ramindesign demanding statutory damages based on Ramindesign's refusal to return or deliver the Boffi Materials to Mr. Skarzynski.

142. Ramindesign continued to fail and refuse to deliver the Boffi Materials to Mr. Skarzynski despite the full payment therefor.

143. As a direct and proximate result of Ramindesign's unlawful actions, Mr. Skarzynski was and at the time of the assertion of this Counterclaim continues to be deprived of his right to the Boffi Materials and has suffered damages resulting therefrom, including by being forced to order goods and supplies to substitute for the Boffi Materials, which has resulted in Mr. Skarzynski paying for the same or equivalent items twice, once for the Boffi Materials and once for the goods

and supplies ordered to substitute for the Boffi Materials, and has further delayed the completion of the Project due to the long lead time for these items.

144. Pursuant to Florida Statutes Section 772.11, Mr. Skarzynski is entitled to treble the actual damages sustained for the theft of the Boffi Materials.

145. Mr. Skarzynski is also entitled to reasonable attorney's fees and costs pursuant to Florida Statutes Section 772.11.

**WHEREFORE**, Counter-Plaintiff, JACEK SKARZYNSKI, demands judgment against Counter-Defendant, RAMINDESIGN, LLC awarding him treble his actual damages pursuant to Florida Statutes Section 772.11, including without limitation, compensatory damages, consequential damages, loss of use, loss of income, expert costs, prejudgment interest, costs of suit and expenses, and reasonable attorney's fees and costs, together with such other and further relief this Honorable Court deems just, equitable and proper.

**COUNT V**
**(Conversion against Ramindesign)**

146. Mr. Skarzynski restates the allegations contained within paragraphs 1 through 91 and 132 through 140 above as if fully set forth herein.

147. This is an action for damages by Mr. Skarzynski against Ramindesign for its unlawful conversion of the Boffi Materials set forth in Paragraph 79(a)-(q) herein.

148. The Boffi Materials are capable of identification and the Manager for Ramindesign and Ramindesign+Development, Ramin Aleyasin, has confirmed that Ramindesign and/or Ramindesign+Development assumed ownership and possession of the Boffi Materials (Doc. 61-1), making the Boffi Materials specifically identifiable.

149. Despite Mr. Skarzynski's demand for the return of the Boffi Materials,

Ramindesign has refused to return the Boffi Materials to Mr. Skarzynski.

150. Based on the admission of Ramindesign's own Manager, Ramindesign has converted for its own use the Boffi Materials that are the property of Mr. Skarzynski.

151. As a result of Ramindesign's wrongful deprivation of the Boffi Materials, Mr. Skarzynski has been damaged, including without limitation, by being forced to order goods and supplies to substitute for the Boffi Materials, which has resulted in Mr. Skarzynski paying for the same or equivalent items twice, once for the Boffi Materials and once for the goods and supplies ordered to substitute for the Boffi Materials, and has further delayed the completion of the Project due to the long lead time for these items.

**WHEREFORE**, Counter-Plaintiff, JACEK SKARZYNSKI, demands judgment against Counter-Defendant, RAMINDESIGN, LLC awarding him actual damages, including without limitation, compensatory damages, consequential damages, loss of use, loss of income, expert costs, prejudgment interest, costs of suit and expenses, together with such other and further relief this Honorable Court deems just, equitable and proper.

**COUNT VI**
**(Civil Theft against Ramindesign+Development)**

152. Mr. Skarzynski restates the allegations contained within paragraphs 1 through 91 and 132 through 140 above as if fully set forth herein.

153. The Agreement required Ramindesign to install a "Boffi gourmet kitchen with adjoining chef's/service kitchen" and "Boffi fixtures". Boffi is an Italian fabricator of fine cabinetry and millwork.

154. Ramindesign+Development and/or Ramindesign proceeded to enter into thirteen purchase orders with Boffi Miami to supply custom-manufactured millwork, cabinets, and

countertops and backsplashes, in addition to bathtubs, sinks, appliances, and lighting fixtures, to be delivered and installed by Boffi Miami as part of the construction of the Project.

155. Upon information and belief, both prior to and after Mr. Skarzynski's termination of the Agreement, Ramindesign+Development detained the Boffi Materials, which were paid for by Mr. Skarzynski, and to be delivered and installed at the Project.

156. A listing of the items to be delivered and installed by Boffi Miami pursuant to the thirteen purchase orders that are not at the Project is set forth in Paragraph 79(a)-(q) herein.

157. Mr. Skarzynski is the owner of the Boffi Materials and was entitled to immediate possession of the Boffi Materials because Mr. Skarzynski paid Ramindesign in full for the Boffi Materials.

158. The actions of Ramindesign+Development constitute violations of Florida Statutes Section 812.014, in that it knowingly obtained or used, or endeavored to obtain or to use, the property of another with the intent to, either temporarily or permanently, deprive the other person of a right to the property or a benefit from the property or to appropriate the property to its own use or to the use of any person not entitled to the use of the property.

159. Specifically, Ramindesign+Development knowingly detained the Boffi Materials owned by Mr. Skarzynski with the intent to deprive Mr. Skarzynski of his right to or benefit from the Boffi Materials.

160. On or about February 29, 2024, Mr. Skarzynski, through his attorney, sent a letter to the attorney for Ramindesign, an affiliate of Ramindesign+Development, demanding that it return or deliver the Boffi Materials to Mr. Skarzynski.

161. Neither Ramindesign, nor Ramindesign+Development, nor their attorney responded to Mr. Skarzynski's February 29, 2024 demand

162. Ramindesign+Development failed and refused to deliver the Boffi Materials to Mr. Skarzynski despite the full payment therefor.

163. According to Mr. Aleyasin, Ramindesign+Development assumed ownership and possession of the Boffi Materials (Doc. 61-1).

164. On or about May 29, 2024, Mr. Skarzynski, through his attorney, sent a demand pursuant to Fla. Stat. §772.11 to Ramindesign+Development demanding statutory damages based on Ramindesign+Development's refusal to return or deliver the Boffi Materials to Mr. Skarzynski.

165. Ramindesign+Development continued to fail and refuse to deliver the Boffi Materials to Mr. Skarzynski despite the full payment therefor.

166. As a direct and proximate result of Ramindesign+Development's unlawful actions, Mr. Skarzynski was and at the time of the assertion of this Counterclaim continues to be deprived of his right to the Boffi Materials and has suffered damages resulting therefrom, including by being forced to order goods and supplies to substitute for the Boffi Materials, which has resulted in Mr. Skarzynski paying for the same or equivalent items twice, once for the Boffi Materials and once for the goods and supplies ordered to substitute for the Boffi Materials, and has further delayed the completion of the Project due to the long lead time for these items.

167. Pursuant to Florida Statutes Section 772.11, Mr. Skarzynski is entitled to treble the actual damages sustained for the theft of the Boffi Materials.

168. Mr. Skarzynski is also entitled to reasonable attorney's fees and costs pursuant to Florida Statutes Section 772.11.

**WHEREFORE**, Counter-Plaintiff, JACEK SKARZYNSKI, demands judgment against Counter-Defendant, RAMINDESIGN+DEVELOPMENT, LLC awarding him treble his actual damages pursuant to Florida Statutes Section 772.11, including without limitation, compensatory

damages, consequential damages, loss of use, loss of income, expert costs, prejudgment interest, costs of suit and expenses, and reasonable attorney's fees and costs, together with such other and further relief this Honorable Court deems just, equitable and proper.

**COUNT VII**
**(Conversion against Ramindesign+Development)**

169. Mr. Skarzynski restates the allegations contained within paragraphs 1 through 91 and 153 through 163 above as if fully set forth herein.

170. This is an action for damages by Mr. Skarzynski against Ramindesign+Development for its unlawful conversion of the Boffi Materials.

171. The Boffi Materials are capable of identification and the Manager for Ramindesign and Ramindesign+Development, Ramin Aleyasin, has confirmed that Ramindesign+Development assumed ownership and possession of the Boffi Materials (Doc. 61-1), making the Boffi Materials specifically identifiable.

172. Despite Mr. Skarzynski's demand for the return of the Boffi Materials, Ramindesign+Development has refused to return the Boffi Materials to Mr. Skarzynski.

173. Based on the admission of Ramindesign+Development's own Manager, Ramindesign+Development has converted for its own use the Boffi Materials that are the property of Mr. Skarzynski.

174. As a result of Ramindesign+Development's wrongful deprivation of the Boffi Materials, Mr. Skarzynski has been damaged, including without limitation, by being forced to order goods and supplies to substitute for the Boffi Materials, which has resulted in Mr. Skarzynski paying for the same or equivalent items twice, once for the Boffi Materials and once for the goods and supplies ordered to substitute for the Boffi Materials, and has further delayed the completion

of the Project due to the long lead time for these items.

**WHEREFORE**, Counter-Plaintiff, JACEK SKARZYNSKI, demands judgment against Counter-Defendant, RAMINDESIGN+DEVELOPMENT, LLC awarding him his actual damages, including without limitation, compensatory damages, consequential damages, loss of use, loss of income, expert costs, prejudgment interest, costs of suit and expenses, together with such other and further relief this Honorable Court deems just, equitable and proper.

Dated: September 15, 2026

Respectfully submitted,

By: /s/ *Alan Winkler*
PECKAR & ABRAMSON, P.C.
One Southeast Third Avenue, Suite 2000
Miami, FL 33131
Ph: 305-358-2600
ALAN WINKLER, ESQ.
New Jersey Bar No. 01251984
(admitted pro hac vice)
awinkler@pecklaw.com
NADIA ENNAJI
Florida Bar No. 1002738
nennaji@pecklaw.com
*Attorneys for Defendants/Counter-Plaintiff*

By: /s/ *Benjamin H. Brodsky*
Benjamin H. Brodsky, Esq.
Florida Bar No. 73748
Max Eichenblatt, Esq.
Florida Bar No. 1025141
BRODSKY FOTIU-WOJTOWICZ, PLLC
*Counsel for Counter-Plaintiff Jacek Skarzynski*
44 West Flagler Street, Ste. 2200
Miami, Florida 33130
Tel: 305-503-5054
Fax: 786-749-7644
bbrodsky@bfwlegal.com
max@bfwlegal.com
docketing@bfwlegal.com

**CERTIFICATE OF SERVICE**

I hereby certify that on September 15, 2026, I electronically filed the foregoing with the Clerk of Court using CM/ECF and the foregoing document is being served on all counsel of record via transmission of Notices of Electronic Filing generated by CM/ECF.

Respectfully submitted,

By: /s/***Nadia Ennaji***

PECKAR & ABRAMSON, P.C.
One Southeast Third Avenue, Suite 2000
Miami, FL 33131
Ph: 305-358-2600
ALAN WINKLER, ESQ.
New Jersey Bar No. 01251984
(admitted pro hac vice)
awinkler@pecklaw.com
NADIA ENNAJI
Florida Bar No. 1002738
nennaji@pecklaw.com
*Attorneys for Defendants/Counter-Plaintiff*